Commonwealth *v*. Garrett, Appellant.

Submitted May 23, 1966. Before BELL, C. J., MUSMANNO, JONES, EAGEN, O'BRIEN and ROBERTS, JJ.

*Howard Garrett,* appellant, in propria persona.

*Vram Nedurian, Jr.,* Assistant District Attorney, *Paul R. Sand,* First Assistant District Attorney, and *Jacques H. Fox,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE ROBERTS, September 27, 1966:

In 1955, appellant, Howard Garrett, appearing without counsel, entered pleas of guilty in the Court of Quarter Sessions of Delaware County to bills of indictment Nos. 183-185, June Sessions, 1955. Nos. 183 and 184 charged appellant with burglary and No. 185 with an unrelated robbery. Upon application of the Commonwealth, the court ordered two other indictments, Nos. 181 and 182, June Sessions, 1955, nolle prossed. Appellant was sentenced to a term of imprisonment of 3 to 10 years on No. 185, the robbery bill; sentence was suspended on Nos. 183 and 184.

Subsequently, in 1965, appellant attacked the validity of his guilty pleas, by habeas corpus, contending that he had been denied his constitutional right to the

assistance of counsel at the plea proceedings. His challenge was sustained and the 1955 convictions set aside.

Thereafter, in March 1965, appellant was again brought to trial and convicted by a jury of the offenses charged in the 1955 indictments, including those charged in Nos. 181 and 182, the indictments previously nolle prossed.[1] Post-trial motions were denied and appellant was sentenced to consecutive terms of imprisonment of 3½ to 7 years on Nos. 181 and 185; sentence was suspended on the remaining bills, Nos. 182-184.[2]

On appeal the Superior Court affirmed the convictions and sentences imposed.[3] We allowed appellant's petition for allocatur to consider the claims asserted.

[1] Appellant does not raise any question on this appeal respecting the revival of proceedings on Nos. 181 and 182. In light of our disposition, we deem it unnecessary to consider the matter.

Likewise, the fact that appellant's 1955 convictions on Nos. 183 and 184 resulted in indefinite, suspended sentences raises a question as to the propriety of appellant's retrial on those indictments. See *Commonwealth v. Duff*, 414 Pa. 471, 200 A. 2d 773 (1964), holding the imposition of such sentences in contravention of the Acts of June 19, 1911, P. L. 1055, §1, 19 P.S. §1051 and August 6, 1941, P. L. 861, 61 P.S. §331.25. However, the failure of the appellant to raise the issue at trial and on appeal precludes us from treating the matter as one presently before this Court.

[2] As of retrial, appellant had spent in excess of 6 years in custody under the invalidated 1955 robbery conviction. To date, the total period spent in custody is in excess of 8 years. Our disposition, however, precludes consideration of the effect of appellant's prior imprisonment on the sentences imposed below. See the Act of August 14, 1963, P. L. 841, §1, 19 P.S. §898; *Commonwealth ex rel. Townsend v. Burke*, 361 Pa. 35, 63 A. 2d 77 (1949), cert. denied, 340 U. S. 915, 71 S. Ct. 286 (1951); cf. *Commonwealth ex rel. Ulmer v. Rundle*, 421 Pa. 40, 218 A. 2d 233 (1966).

[3] *Commonwealth v. Garrett*, 206 Pa. Superior Ct. 742, 213 A. 2d 384 (1965) (per curiam) (MONTGOMERY and HOFFMAN, JJ., dissenting).

Appellant's first assignment of error relates to the sufficiency of the evidence to sustain his conviction of robbery on No. 185. It is his contention that the evidence did not warrant submission of the case to the jury and that the trial court thus erred in overruling his demurrer at the conclusion of the Commonwealth's case. Our review of the record convinces us of the merit of this contention and of the necessity of setting aside appellant's conviction of robbery.

At trial the Commonwealth sought to establish appellant's guilt through the testimony of the victim and a statement made by appellant shortly after his apprehension for the crime charged. The victim testified that while walking across the "3d Street Bridge" in the City of Chester, he was attacked, rendered unconscious, and $80 removed from his person. The pertinent portions of his testimony are as follows: "Q. Did you see anyone at the time you were beat up? A. There were four men crossing the bridge at the time besides myself, four colored fellows. Q. Four colored men were crossing the bridge. A. Crossing the bridge; and two of them dropped back. Q. Now were they walking toward you or alongside of you? A. The same way I was, and they all got together and they dropped back and then that is what made me suspicious. Q. What if anything did you then do or did they then do? A. I just tried to take and get off the bridge; that is just the time I got slugged. Q. And were you rendered unconscious? A. That's right." He was unable, however, to establish whether he was assailed by all four of the men observed immediately before the attack or by some lesser number; nor was the victim able to identify appellant as one of his assailants.

Appellant, who had been arrested in the area shortly after the commission of the robbery, did not take the stand or present any evidence in his defense. A written statement given to the police upon his arrest,

however, was introduced by the Commonwealth at trial. In the statement, appellant, while confessing to the commission of other, unrelated crimes, denied complicity in the instant robbery. In his version of the events, as recited in the statement, appellant admitted membership in the group observed by the victim crossing the bridge but claimed to have left the scene prior to the attack, after rejecting the suggestion of one of his companions that he join in robbing the victim. His statement further asserted that upon his return to the area, a short time later, he found the victim lying unconscious on the sidewalk.

In order to sustain a conviction, the facts and circumstances proved must be of such a character as to establish guilt beyond a reasonable doubt. E.g., *Commonwealth v. Finnie*, 415 Pa. 166, 202 A. 2d 85 (1964) ; *Commonwealth v. Carroll*, 412 Pa. 525, 194 A. 2d 911 (1963) ; *Commonwealth v. Kravitz*, 400 Pa. 198, 161 A. 2d 861 (1960). And while the Commonwealth is not required to remove all doubt to a mathematical certainty, *Commonwealth v. De Petro*, 350 Pa. 567, 576, 39 A. 2d 838, 842 (1944), evidence to convict an accused of a crime must be something more than evidence that merely raises a suspicion of guilt. The inference of guilt must be based on facts and conditions proved; mere conjecture or surmise is not sufficient. *Commonwealth v. Bausewine*, 354 Pa. 35, 46 A. 2d 491 (1946) ; *Commonwealth v. Cohen*, 203 Pa. Superior Ct. 34, 199 A. 2d 139 (1964).

In the instant case, no attempt was made to establish appellant's guilt as a principal in the second degree or an accessory before the fact. Accordingly, it was incumbent upon the Commonwealth to establish appellant's participation in the assault and robbery. We are of the view, however, that the evidence of such participation was so weak and inconclusive that as a matter of law the inferences of fact necessary to estab-

lish guilt could not be reasonably drawn. See *Commonwealth v. Libonati,* 346 Pa. 504, 508, 31 A. 2d 95, 97 (1943).

Appellant's presence on the scene, both immediately prior and subsequent to the commission of the crime, was established. This fact, however, in the absence of other evidence indicative of appellant's participation in the robbery, did not warrant submission of the case to the jury.

The victim, while testifying to the presence of four men in the area prior to the attack, was unable to establish the actual number of his assailants. Under such circumstances, the inference that appellant participated in the crime is no more cogent than the version of the events contained in his statement. And while the Commonwealth was not bound by the exculpatory portions of appellant's statement, *Commonwealth v. Finnie,* 415 Pa. 166, 173, 202 A. 2d 85, 89 (1964); *Commonwealth v. Kirkland,* 413 Pa. 48, 57-58, 195 A. 2d 338, 342-43 (1963), his guilt could not be established in the absence of affirmative evidence. Since, on the present record, mere presence on the scene was insufficient, such evidence was lacking. Cf. *Commonwealth v. New,* 354 Pa. 188, 47 A. 2d 450 (1946). Accordingly, appellant's conviction of robbery may not stand.

Appellant next assigns as error the sentence imposed on No. 181, contending that said sentence is illegal and void. We find it unnecessary, however, to detail or consider the contention advanced, since we are of the view that the verdicts and sentences on Nos. 181 and 182 must be set aside as well.

Bill No. 181, June Sessions, 1955, charged appellant, in two counts, with burglary and larceny, the indictment being grounded on the events recounted in our discussion of the robbery conviction. It is our conclusion that the record was devoid of evidence which would have justified submitting the offense charged in

this indictment to the jury and that, as in the case of the robbery indictment, appellant's demurrer should have been sustained.

Burglary is proscribed by §901 of The Penal Code, the Act of June 24, 1939, P. L. 872, 18 P.S. §4901, which provides: "Whoever, at any time, wilfully and maliciously, enters any building, with intent to commit any felony therein, is guilty of burglary." Thus, although The Penal Code has enlarged the common law crime of burglary, see Sum. Pa. Jur., Criminal Law §325 (1955), proof of a "wilful and malicious entry into a building" is required to establish the crime. *Commonwealth v. Procopio,* 200 Pa. Superior Ct. 226, 230-31, 188 A. 2d 773, 775 (1963). In the instant case, no such entry was established, the Commonwealth's proof merely tending to establish an attack on a public thoroughfare. Accordingly, there was an absence of such proof as was required to submit the case to the jury.

With respect to the count charging appellant with larceny, and No. 182, which charged an assault arising out of the same events, our discussion and disposition of the robbery conviction controls these offenses as well. For the reasons therein stated, appellant's mere presence on the scene was likewise insufficient to establish his guilt of the crimes of larceny and assault, and his convictions under Nos. 181 and 182, as in the case of No. 185, may not stand.

Accordingly, in appeals Nos. 12, 13, and 16, the orders of the Superior Court at Nos. 458, 459, and 462, October Term, 1965, affirming the judgments of the Court of Quarter Sessions of Delaware County at Nos. 181, 182, and 185, June Sessions, 1955, are reversed. In appeals Nos. 14 and 15, the orders of the Superior Court at Nos. 460 and 461, October Term, 1965, affirming the judgments of the Court of Quarter Sessions of

Delaware County at Nos. 183 and 184, June Sessions, 1955, are affirmed.[4]

Mr. Justice COHEN took no part in the consideration or decision of this case.

[4] In Nos. 183 and 184, appellant received suspended sentences. Although appeals were taken and perfected with respect to them, Nos. 14 and 15, appellant did not pursue the matter before this Court. The record clearly establishes the sufficiency of the evidence to sustain these convictions.