## Commonwealth *v.* Turner, Appellant.

Argued September 13, 1968. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and HANNUM, JJ.

*S. R. Zimmerman, III,* with him *Zimmerman, Zimmerman, Myers & Gibbel,* for appellant.

*James F. Heinly,* Assistant District Attorney, and *Clarence C. Newcomer,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, November 14, 1968:
Judgment of sentence affirmed.

———

DISSENTING OPINION BY HOFFMAN, J.:
Appellant was convicted of driving under the influence of intoxicating liquor on January 15, 1968. This appeal followed.

The sole question is whether the jury verdict is supported by the evidence. In my opinion it is not,

since it rests on the speculative testimony of Police Officer Nunemacher.

On September 23, 1967, at about 2:20 a.m., an automobile driven by appellant struck a woman on North Prince Street in Manheim Township, Lancaster County. Police Officer Nunemacher arrived at the scene at 2:35 a.m., in response to a radio call. He observed that defendant's car was facing south on the one-way southbound street and noted nothing improper or unusual about appellant's car. The accident did not occur at an intersection, there was no pedestrian crosswalk at the scene of the accident, and Officer Nunemacher could not recall whether the site was illuminated by street lights.

Within a few minutes after his arrival at the scene, Officer Nunemacher obtained appellant's operator's license and registration card after appellant walked up to him and stood at arm's length distance from him. Officer Nunemacher, however, observed nothing which indicated that appellant had been drinking.

Between 2:45 and 2:55 a.m. Officer Nunemacher again spoke to appellant and asked him to move his car from the center lane to the left lane. Appellant then drove his car approximately 25 feet ahead of the injured woman and into the left travel lane. Officer Nunemacher observed this procedure which was executed in a normal fashion. Four other policemen were present during this occurrence. None of them were called by the prosecution. Therefore, we may infer that they also did not observe anything untoward concerning appellant's conduct.

Following the arrival and departure of an ambulance, Officer Nunemacher again requested appellant to move his car, this time to the parking lot of a nearby diner. In response, appellant drove his car from the left-hand lane into the right-hand lane, made a

right-hand turn off Prince Street into Liberty Street, drove 200 feet down Liberty Street, turned right into the diner's parking lot, and then drove 200-300 feet into the parking lot before he stopped the car. Officer Nunemacher watched appellant drive up until the right-hand turn off of Prince Street. Again he observed nothing which suggested that the appellant was driving in an unusual manner.

Later, sometime after 2:55 a.m., Officer Nunemacher asked appellant to enter the patrol car to provide him with information needed for the accident report. Appellant complied. There, in the confines of the patrol car with the windows closed, Officer Nunemacher noticed for the first time an odor of "alcoholic beverage" on appellant's breath.

Appellant was then permitted to go to the diner. As he walked up the steps of the diner he was, in Officer Nunemacher's opinion, "a little unsteady". Nevertheless, appellant went unaccompanied to the men's room, bought cigarettes from a vending machine and walked back to the patrol car. He did not stumble, fall or require assistance, but according to Officer Nunemacher he did waiver slightly.

After refusing to take some preliminary tests at the parking lot to determine if he was under the influence of intoxicating liquor appellant was taken to the police station for the purpose of being examined by a doctor as to his condition. Shortly after 3:00 a.m. Dr. Himes, the examining physician came to the police station. Although appellant refused to be physically examined, Dr. Himes testified that he had the opportunity to observe appellant's speech and appearance. Moreover, Dr. Himes observed appellant walk from one room to another. He testified in part as follows: "Q. During this period of time that you saw him did you have occasion to observe the defendant's face? A. Well, I ob-

served his face. Q. How would you describe the condition of his face on that morning? A. Other than the fact that his eyes were a little bloodshot, I wouldn't say there was anything abnormal. Q. Where did you observe him that you observed his bloodshot eyes? A. I was sitting across the desk from him in the Captain's office when I talked to him. . . . Q. Did he appear to be well oriented to you? A. He was well oriented, yes. Q. He knew where he was and he knew what he was doing? A. He knew where he was and what he was doing. Q. You had no doubt in your mind about that? A. Yes. . . . Q. How long were you with him in that room? A. Maybe one or two minutes at the most. Q. And you did not issue a certificate to the effect that in your opinion he was under the influence of alcoholic beverages? A. That is correct."

Also, while at the police station, appellant was observed by Officer Sherriff. He testified that appellant's eyes were bloodshot, that he walked with a "slight waver", that he was talkative and at a distance he smelled alcohol on appellant's breath. But, he did not state that appellant was under the influence of intoxicating beverages or incapable of operating a motor vehicle.

I do not believe that the quantum of evidence in this case was sufficient to sustain a conviction of appellant. As was said in *Commonwealth v. Garrett*, 423 Pa. 8, 12, 222 A. 2d 902 (1966), "evidence to convict an accused of a crime must be something more than evidence that merely raises a suspicion of guilt. The inference of guilt must be based on facts and conditions proved; mere conjecture or surmise is not sufficient."

Officer Nunemacher did not conclude or even begin to suspect that appellant was under the influence of intoxicating liquor until sometime after 2:55 a.m.

when he smelled appellant's breath in the patrol car. Prior to that time he had spoken to appellant at least twice, had observed him walk and had commanded him to drive his car on two separate occasions. Each time, the officer observed the manner in which the car was driven. Officer Nunemacher testified that none of these events indicated that appellant was under the influence of alcohol or not in control of himself. Indeed, while he was subject to the close scrutiny of the police for the first twenty minutes after their arrival at the scene of the accident, appellant's behavior, conversation, driving and demeanor were normal in all respects. Thus, it is incredible to believe that at the time of the accident he was under the influence of intoxicating liquor. Officer Nunemacher's subsequent smelling of alcohol on appellant's breath should not vitiate this finding because alcoholic odor is not conclusive in determining that appellant was under the influence. *Critzer v. Donovan*, 289 Pa. 381, 137 Atl. 665 (1927).

In addition, Dr. Himes testified that appellant was "well oriented" and refused to certify that the appellant was under the influence of intoxicating beverages. This coupled with the testimony of Officer Sherriff, who likewise was a prosecution witness, flatly contradicts the conclusion of Officer Nunemacher.

In *Commonwealth v. Stosny*, 152 Pa. Superior Ct. 236, 31 A. 2d 582 (1943), we found that a verdict of guilty of involuntary manslaughter (due to drunken driving) was not supported by sufficient evidence when the defendant admitted having three beers, but showed no visible effects of drinking and his mind functioned well. In that case we stated that "conjecture cannot take the place of proof." Certainly our admonition there is in point in this case. "We do not believe that an unlawful act may be inferred from appellant's con-

duct and the circumstances narrated by the evidence; and no such inference is to be drawn from inconclusive testimony where the inference is also one of the commission of a crime. This is especially so here; as we have said, it is reasonably probable that deceased may have heedlessly walked into appellant's automobile. The evidence certainly affords no basis for an exclusive implication of wrongdoing." *Stosny,* at 241.

To convict appellant on testimony of this nature which is vague, inconclusive and contradictory is violative of the fundamental concept that a criminal conviction must be based on clear and convincing evidence. *Commonwealth v. Garrett,* supra.

I would reverse the judgment of sentence and order an acquittal.

MONTGOMERY and SPAULDING, JJ., join in this dissent.