## Scott Appeal.

Argued June 14, 1969. Before WRIGHT, P. J., WAT-
KINS, MONTGOMERY, JACOBS, HOFFMAN, and CERCONE,
JJ. (SPAULDING, J., absent).

*Irene H. Cotton,* for appellant.

*James D. Crawford,* Assistant District Attorney,
with him *Charles C. D. Lundy,* Assistant District At-
torney, *Richard A. Sprague,* First Assistant District
Attorney, and *Arlen Specter,* District Attorney, for
Commonwealth, appellee.

Opinion Per Curiam, September 11, 1969:
Order affirmed.

---

Dissenting Opinion by Hoffman, J.:

This is an appeal from an adjudication of delinquency on charges of assault with intent to ravish, assault and battery and conspiracy.

Taking the evidence in the light most favorable to the Commonwealth, it would appear that the prosecutrix was dragged into an alley by three men who tore off her clothes and attempted to attack her.

Police officers testified that they went to the alley in response to a call over the police radio. Upon arriving there, they put their spotlight on and appellant and his companion were seen walking out of the alley. The officers commanded appellant to stop but he began to run. He was apprehended but the prosecutrix was unable to identify him as one of her assailants.

On these facts, the lower court found appellant guilty. The opinion of the lower court, however, reflects that its decision was predicated on assumptions not supported by the record.

First, the court states, "The juvenile defendant was at the scene almost simultaneously with the commission of the offense and was seen leaving by the officers." The officers, however, only testified that they responded to the radio call immediately upon receiving it. There is nothing to indicate how much time did, in fact, elapse, before notice of the assault was first given to the police. The time elapsed could well have been ten or fifteen minutes. For the court to characterize the officers' arrival as "simultaneously with the commission of the offense" is incorrect.

This is particularly so when we recognize that the victim had testified that she was attacked by at least three persons and described one of them so as to ex-

clude the two persons arrested. By the time the officers arrived, however, only two persons were seen emerging from the alley. This suggests that at least one person had left earlier. Presumably, if one of the assailants had time to flee, all may have done so. Defendant, therefore, may well have been attracted to the scene by the commotion in the area, as he testified.

The court next states that, "The scene was not a bridge or highway where members of the community regularly walk, but an alleyway where one's presence is certainly open to question." Again, however, this statement contains assumptions that are not part of the record. The officers never testified that the streets were deserted at that time. Since the attack occurred in the middle of the summer in a heavily populated area, however, it is possible that many people were in the street at that time. The only testimony in this regard was given by one of appellant's witnesses who stated that a crowd had assembled by reason of the commotion.

Then the court states: "And finally we do not have mere presence at the scene but also instant flight by the only two persons there other than the victim." Again, this conclusion is based on suppositions unsupported by the record. There is nothing which would suggest that these were the only people in the alley. Indeed, there is nothing in the record to suggest that the police officers even looked into the alley to see if other people were there.

Moreover, the fact of flight itself does not establish guilt. Such flight, as the lower court itself recognized, is evidence when "the person accused knows he is accused," and when offered *"in connection with other proof* may be the basis from which guilt may be inferred."

There is nothing in the record, however, to suggest that defendant knew he was accused of this crime.

Moreover, this flight, as already noted, has not been tied in with other evidence. As the U. S. Supreme Court stated in *Alberty v. U. S.*, 162 U.S. 499 (1896), "[I]t is a matter of common knowledge that men who are entirely innocent do sometimes flee from the scene of a crime through fear of being apprehended as the guilty parties or from an unwillingness to appear as witnesses." See also *Hickory v. U. S.*, 160 U.S. 408 (1896); *Wong Sun v. U. S.*, 371 U.S. 471 (1963).

Indeed, in addition to the possible causes for flight suggested in *Alberty*, the defendant may well have fled merely because he was at that moment in violation of the Philadelphia curfew ordinance. Clearly, however, where various reasons for such flight exist, we should not arbitrarily select among equally plausible explanations.

This case is quite similar to *Commonwealth v. Garrett*, 423 Pa. 8, 222 A. 2d 902 (1966). In *Garrett*, a man was assailed on a bridge in Chester County. He only recalled that four men were crossing the bridge when he was. He was unable to establish whether he was assailed by all four of the men, nor was he able to identify the appellant as one of the assailants. The appellant was arrested shortly after the robbery. In a written statement, he admitted that he had been with the group but left the scene prior to the attack. He also stated that he returned to the area later and found the victim lying unconscious on the sidewalk.

In finding the evidence insufficient to establish guilt the court stated: "Appellant's presence on the scene, both immediately prior and subsequent to the commission of the crime, was established. This fact, however, in the absence of other evidence indicative of appellant's participation in the robbery, did not warrant submission of the case to the jury." At 13.

"The victim, while testifying to the presence of four men in the area prior to the attack, was unable to es-

tablish the actual number of his assailants. Under such circumstances, the inference that appellant participated in the crime is no more cogent than the version of the events contained in his statement. And . . . his guilt could not be established in the absence of affirmative evidence. Since, on the present record, mere presence on the scene was insufficient, such evidence was lacking." Thus, in *Garrett* the defendant admitted being part of the group who assaulted the victim; he admitted being at the scene of the assault both prior and subsequent to the assault, yet, the court found such evidence insufficient.

In summary, the court stated that the juvenile defendant was in the alley "almost concurrently" with the commission of the crime and was seen leaving the scene with another person immediately after the attack. Yet, there was no testimony as to the time of the attack or how soon afterwards the police arrived. The court also stated that no one else was at the scene and that appellant fled when the police arrived. Again, however, there is no testimony to support this statement. Moreover, the flight, standing by itself should not serve as the basis for adjudication of delinquency.

Under the circumstances, I would find that the evidence was insufficient, reverse the adjudication of delinquency and dismiss the charges.