333 A.2d 917
COMMONWEALTH of Pennsylvania
v.
Richard Leroy COX, Appellant.

Supreme Court of Pennsylvania.

Argued Nov. 19, 1974.

Decided March 18, 1975.

Edward F. Browne, Jr., Asst. Public Defender, Lancaster, for appellant.

D. Richard Eckman, Dist. Atty., Ronald L. Buckwalter, 1st Asst. Dist. Atty., J. A. Kenneff, Lancaster, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

JONES, Chief Justice.

Appellant, Richard Leroy Cox, was convicted in the Court of Common Pleas of Lancaster County, Criminal Division, of burglary, larceny and larceny of a motor vehicle on October 27, 1972. He was sentenced to serve a prison term of three to six years for the crimes of burglary and larceny and to a consecutive term of one to two years for the crime of larceny of a motor vehicle. We granted allocatur limited solely to the issue of sufficiency of the evidence in the conviction for burglary and larceny.

The facts of the incident giving rise to the convictions are as follows: on Monday, October 26, 1971, at approximately 12:50 a. m., two State Policemen spotted a car approaching with the high beams on. Deciding to give the driver a warning, the police turned, followed, and stopped the vehicle after a highspeed chase. Cox, the driver, produced an owner's card in another person's name. In the passenger's seat was the soon-to-be co-de-

fendant, Leslie Eugene Dale. Appellant offered no explanation as to his use of the vehicle other than that he was driving his companion to the hospital for treatment of a severely cut arm. Shortly thereafter, the police discovered that between noon the previous Saturday and Monday morning, a burglary and larceny had occurred at a business establishment approximately two miles away from the auto owner's home. No instruments of entry were found either at the site of the burglary or in the car, despite the fact that a chain link fence surrounding the building had been cut. Testimony at trial established the existence of bloodstains at the site of entry. No evidence was produced to place Cox at the scene of the burglary but a cast taken of a footprint matched a shoe worn by Dale, who was similarly convicted and sentenced. Cox asserts that the Commonwealth failed to produce sufficient evidence to prove his guilt of the burglary and larceny at the business establishment.

█ It is well established in Pennsylvania that circumstantial evidence alone may be sufficient to determine commission of a crime and convict the accused of it. *Commonwealth v. Finnie,* 415 Pa. 166, 202 A.2d 85 (1964). "The test for determining the sufficiency of the evidence is 'whether accepting as true all of the evidence, be it direct or circumstantial, and all reasonable inferences arising therefrom upon which, if believed, the trier of facts could properly have based the verdict, it is sufficient in law to prove beyond a reasonable doubt that the defendant is guilty of the crime or crimes of which he has been convicted.' *Commonwealth v. Malone,* 444 Pa. 397, 281 A.2d 866, 867 (1971)." *Commonwealth v. Tillery,* 457 Pa. 466, 326 A.2d 329, 330 (1974).

██ Here, any evidence of appellant's guilt of burglary and larceny at the business establishment is entirely circumstantial. In *Commonwealth v. Chester,* 410 Pa. 45, 50, 188 A.2d 323, 327 (1963), we emphasized the in-

570

ferences arising from circumstantial evidence must prove the fact in question beyond a reasonable doubt. In the present case, the inferences attaching to the facts incriminate only Dale. Mere association as Cox with Dale after the fact is insufficient to erase a reasonable doubt as to appellant's guilt of burglary and larceny.

*Commonwealth v. Roscioli,* 454 Pa. 59, 309 A.2d 396 (1973), and *Commonwealth v. Garrett,* 423 Pa. 8, 222 A.2d 902 (1966), support the proposition that the Commonwealth has the burden of establishing the active participation of the defendant in the crimes charged when there is no attempt made to establish the defendant's guilt as a principal in the second degree or an accessory before the fact. Absolutely nothing in the record indicates active participation on the part of Cox in the burglary and larceny at the business establishment. First of all, the time of the burglary was never ascertained—it could have occurred any time after noon on Saturday of that weekend. When the car was stopped at 12:50 a. m. on Monday, none of the articles alleged to have been stolen were found in the possession of Cox, his passenger, or in the vehicle. As to the burglary and larceny, no relationship was ever shown between Cox and Dale, the alleged perpetrator, except that they were in the same stolen car *at some time* after the burglary.

All the evidence with respect to the burglary and larceny points to Dale, and none points to appellant. It becomes apparent that, in effect, the jury found guilt by association. The facts here resemble those in *Commonwealth v. Bailey,* 448 Pa. 224, 292 A.2d 345 (1972), where defendant was the driver of a vehicle stopped approximately three minutes after a larceny about one and one-half blocks from the scene. The alleged perpetrator was in the back seat, and the defendant drove away when confronted by the victim. This Court stated that to hold this to be sufficient evidence to sustain the con-

viction requires too many assumptions not based on facts in the record. In the instant case, as in *Bailey*, there is no proof that Cox was even aware that a burglary and larceny had been committed, or that the individual he was seated next to had committed it. Appellant's flight is reasonably consistent with fear of being caught driving a stolen vehicle. The evidence is so weak and inconclusive that as a matter of law the inferences of fact necessary to establish guilt could not be reasonably drawn. The motion in arrest of judgment should have been granted.

Judgment of sentence reversed and appellant discharged.