380 A.2d 422

**COMMONWEALTH of Pennsylvania**

v.

**James MARTIN, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 9, 1976.

Decided Dec. 2, 1977.

John Krisa, Carbondale, for appellant.

Ernest D. Preate, Jr., Assistant District Attorney and Paul R. Mazzoni, District Attorney, Scranton, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

CERCONE, Judge:

Appellant was convicted by a jury below of aggravated assault[1] and recklessly endangering another person.[2] On appeal, appellant challenges the sufficiency of the evidence against him, a portion of the court's charge to the jury, and the court's refusal to suppress evidence, to wit, the rifle used to commit the crime. None of these allegations of error have merit.

First, the evidence against appellant was overwhelming, albeit circumstantial. In the late afternoon of October 17, 1974 appellant became inebriated while drinking at a Scranton tavern called Michael's Bar. Refused further service, appellant became loud, boisterous and profane. When he was ejected from the bar, after a scuffle, by two off-duty bartenders and a patron, he threatened to kill them. Five days later appellant attempted to carry out his threat. From a perch on the third level of a parking garage across the street from the bar, at approximately 10:10 P. M., appellant fired eleven shots from a .22 calibre rifle through the window of the bar. Fortunately, if not miraculously, none of the eleven persons present, including two of the three persons who had ejected appellant several days earlier, were injured.

Because the police station was only one-half block from the scene of the accident, the police heard the shots and responded immediately. Their prompt search of the parking garage revealed five spent shell casings on the third level of the garage, and five more on the ground below. The only car on the third level was a 1968 blue-green Plymouth sedan.

At approximately 10:40 P. M. that night a Scranton plainclothes detective saw appellant drive up to the Sun Hotel Bar in a Ford LTD. The officer kept the bar under surveillance until 12:55 A. M. when appellant and three other men emerged and got into appellant's car. Following appellant's car back to the scene of the crime, the officer observed the

1. The Crimes Code, 18 Pa. C.S. § 2702(a)(1) (1973).

2. The Crimes Code, 18 Pa. C.S. § 2705 (1973).

surreptitious driving appellant employed when he neared the parking garage, such as dousing the headlights and disobeying traffic signals. Appellant parked the car on a street at the opposite side of the garage from where the shooting had occurred. Accompanied by his three companions appellant crouched down and "duck-walked" through the garage. Eschewing the staircase and elevator, the foursome went up the ramp to the automobile on the third floor and attempted to leave the garage in the blue-green Plymouth with appellant driving. They got little farther than the cashier's window before they were arrested. The parking ticket which appellant paid had been stamped 10:03 P. M., roughly seven minutes before the shooting occurred. A search of the trunk of the car revealed the .22 calibre rifle from which the shell casings had been ejected; a rifle appellant had purchased only a month before the shooting. The owner of the Plymouth testified that he had loaned appellant the car some two hours prior to the shooting, and that there was only one set of keys to the car in existence.

■ On these facts there is little doubt, and none of it reasonable, that appellant was the perpetrator of this crime. Although the evidence linking appellant to the crime is circumstantial, it is sufficient to support appellant's guilt beyond a reasonable doubt. *Commonwealth v. Cox*, 460 Pa. 566, 333 A.2d 917 (1975); *Commonwealth v. Moore*, 226 Pa.Super. 32, 311 A.2d 704 (1973).

■ Appellant's next argument is equally frivolous. While in prison appellant threatened the erstwhile bartender from the Sun Hotel who, coincidentally, was also sharing the Commonwealth's hospitality at Dallas for a time. Appellant told the bartender that, if he did not testify for appellant, appellant would kill him. Indeed, appellant stated that he had a great deal of money which he would spend on "hitmen" for the jurors, whose names and addresses he had obtained, if they convicted him. The bartender subsequently related this evidence in court when he recanted, soon

after testifying for appellant, and defense counsel did not object to this turn of events. In its charge the court informed the jury that it should only consider the threats as evidence of appellant's guilty mind insofar as the threats were attempts to intimidate a witness, and that furthermore, the jury should not consider the threats concerning them. Appellant complains that the judge should not have mentioned the threats concerning the jury at all, thereby refreshing the jury's recollection and prejudicing their impartial deliberations. Because he did not object to the testimony concerning the threats when it was given at trial, appellant has waived an attack on the propriety of such testimony in this appeal. *Commonwealth v. Clair*, 458 Pa. 418, 326 A.2d 272 (1974). Therefore, even if we assume that any reference to the testimony in the court's charge to the jury was error, especially since the court told the jury to disregard the testimony the error was harmless beyond a reasonable doubt. *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

Appellant lastly contends[3] that the warrantless search of the Plymouth was illegal, so the rifle should not have been admitted into evidence. Since appellant was properly under arrest at the time of the search, since the police had probable cause to believe the rifle was in the car, and since appellant was accompanied by three other individuals, this search clearly fell within the automobile exception to the warrant requirement. *Chambers v. Maroney*, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970); *Commonwealth v. Smith*, 443 Pa. 151, 277 A.2d 807 (1971).

Judgment of sentence is affirmed.

SPAETH, J., concurs in the result.

---

**3.** Appellant's brief adumbrates eleven other allegations of error, raised at appellant's insistence, which appellant's counsel confesses he can find no authority to support. We agree they are frivolous and, in any event, not properly briefed. Hence, we need not discuss them herein.