386 A.2d 989

**COMMONWEALTH of Pennsylvania**

v.

**Howard S. SMITH, Appellant.**

Supreme Court of Pennsylvania.

Argued May 6, 1976.

Decided June 2, 1978.

392

John H. Chronister, Public Defender, York, for appellant.

Floyd P. Jones, Asst. Dist. Atty., York, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, POMEROY, ROBERTS, NIX and MANDERINO, JJ.

## OPINION

PER CURIAM:

The Court being equally divided, the judgment of sentence is affirmed.

JONES, former C. J., did not participate in the decision of this case.

ROBERTS, J., filed an Opinion in Support of Affirmance in which POMEROY and NIX, JJ., joined.

O'BRIEN filed an Opinion in Support of Reversal in which EAGEN, C. J., and MANDERINO, J., joined.

## OPINION IN SUPPORT OF AFFIRMANCE

ROBERTS, Justice.

I find the evidence sufficient to sustain the jury's verdict of guilty of murder of the second degree. Further, the trial court properly allowed certain expert testimony and

testimony concerning the bruised condition of the victim. Finally, appellant's claim that his statement to police was unlawfully obtained has not been preserved for appellate review. Accordingly, I would affirm the judgment of sentence.

POMEROY and NIX, JJ., join in this Opinion in Support of Affirmance.

## OPINION IN SUPPORT OF REVERSAL

O'BRIEN, Justice.

Appellant, Howard Smith, was convicted by a jury of murder of the second degree. Post-verdict motions were denied and he was sentenced to a prison term of two-to-six years. This direct appeal followed. On November 24, 1976, this court remanded the case to the court below for an evidentiary hearing. *Commonwealth v. Smith*, 469 Pa. 357, 365 A.2d 1244 (1976). The case was returned to this court for disposition on January 5, 1978.

Appellant alleges, *inter alia*, that the evidence was insufficient to sustain his conviction.[1] We agree with appellant and, therefore, would order his discharge. The facts are as follows.

In October of 1973, appellant and his wife, Daisy Smith, were attempting a reconciliation of their thirteen-month marriage. On October 13, the pair had an argument and appellant slapped his wife in the face, causing a bruise in the area of her left jaw. On October 15, she moved into the home of her daughter and on October 21, was taken to a hospital, where a Dr. Kresge observed bruises on her jaw and chest. At the time, she was complaining of dizziness, headaches and general weakness. A neurological examina-

---

1. Appellant's actual allegation of error is that the trial court erred in not sustaining his demurrer to the Commonwealth's evidence. Appellant put on a defense; therefore, the correctness of the ruling on the demurrer is no longer before us. We will treat the question as a challenge to the sufficiency of the evidence. *Commonwealth v. Dussinger*, 478 Pa. 182, 386 A.2d 500 (1978); *Commonwealth v. Ilgenfritz*, 466 Pa. 345, 347, 353 A.2d 387 (1976).

tion proved normal, and Dr. Kresge attributed her problems to high blood pressure, a disease from which she had been suffering for over ten years. Dr. Kresge discharged Daisy Smith to her daughter's care.

On October 24, Daisy Smith was admitted to the hospital in a semi-conscious state. She died on October 27, 1973. An autopsy was performed the next day, and the cause of death was determined to be a subdural hematoma, a blood clot on the brain. Dr. Gochoco, a pathologist, testified that the injury was traumatic in origin. He further testified that considerable force was necessary to cause an injury of that nature. Dr. Gochoco found a bruise in the left temple area and testified that the bruise may have been consistent with the clot. Under cross examination, Dr. Gochoco testified that in his opinion, the injury causing the clot had to have happened on October 14 or thereafter. The Commonwealth then called Dr. Malina, a neurosurgeon, who, after reviewing the victim's hospital records, testified that the clot could have been caused by an injury as early as October 1, 1973.

Appellant then testified that he slapped his wife in the jaw area on October 13. Further, he admitted to sporadically slapping his wife during their short marriage. Two other witnesses testified that prior to October 13 they had seen Mrs. Smith in a battered and bruised condition while she was living with appellant.

In *Commonwealth v. Simpson*, 436 Pa. 459, 260 A.2d 751 (1970), we stated:

"It is true that circumstantial evidence, in itself, may be sufficient to establish the commission of a crime and the accused's connection therewith. *Commonwealth v. Finnie*, 415 Pa. 166, 202 A.2d 85 (1964). It is equally true that in evaluating the sufficiency of the evidence after a guilty verdict, all of the evidence, be it direct or circumstantial, must be read in a light most favorable to the Commonwealth, and the Commonwealth must be given the benefit of all reasonable inferences arising therefrom. *Commonwealth v. Burns*, 409 Pa. 619, 187 A.2d 552 (1963). But before a conviction will be sustained, 'the facts and cir-

cumstances proved must be of such a character as to establish guilt beyond a reasonable doubt.' *Commonwealth v. Garrett*, 423 Pa. 8, 12, 222 A.2d 902, 905 (1966). And, where a conviction is based entirely on circumstantial evidence, 'the theme of guilt must flow from the facts and circumstances proved, and be consistent with them all.' *Commonwealth v. Clinton*, 391 Pa. 212, 218, 137 A.2d 463, 466 (1958). If the conviction is based wholly on inferences, suspicion and conjecture, it cannot stand. *Commonwealth v. Townsend*, 428 Pa. 281, 237 A.2d 192 (1968); *Commonwealth v. Garrett*, supra; *Commonwealth v. Deyell*, 399 Pa. 563, 160 A.2d 448 (1960); and, *Commonwealth v. Clinton*, supra."

Reading the evidence in the light most favorable to the Commonwealth, we believe the evidence is insufficient to establish appellant's guilt beyond a reasonable doubt. In our view, the evidence established that appellant had, at times, slapped his wife and that Mrs. Smith died of a subdural hematoma of the left temple area, caused by a trauma of considerable force. We believe there is no evidence that the slap administered by appellant on October 13 caused the victim's subdural hematoma.

In *Commonwealth v. Long*, 470 Pa. 204, 210, 368 A.2d 265 (1977), we stated:

" . . . While such testimony may have cast a degree of suspicion on appellant, this Court has stated that 'suspicion is never accepted in a court of justice as a substitute for proof.' *Commonwealth v. New*, 354 Pa. 188, 198, 47 A.2d 450, 457 (1946). . . . "

We believe the testimony in the instant case reveals that the Commonwealth failed to establish that appellant's abuse was the cause of the victim's subdural hematoma. The testimony may have cast suspicion upon appellant, but in our view, the Commonwealth never established the necessary causal relationship between appellant's conduct and his wife's death.

396

We would reverse the Judgment of sentence and order appellant discharged.

EAGEN, C. J., and MANDERINO, J., join in this opinion.