J-S79005-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JAMAL SWINTON | |
| Appellant | No. 2654 EDA 2014 |

Appeal from the Judgment of Sentence May 15, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0011984-2012

BEFORE:  GANTMAN, P.J., MOULTON, J., and MUSMANNO, J.

MEMORANDUM BY GANTMAN, P.J.:                 **FILED NOVEMBER 01, 2016**

Appellant, Jamal Swinton, appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas, following Appellant's bench trial convictions of one count each of criminal trespass, conspiracy to commit trespass, and criminal mischief.[1]  We affirm.

The trial court opinion fully sets forth the relevant facts and procedural history of this case.  Therefore, we have no need to restate them.[2]

---

[1] 18 Pa.C.S.A. § 3503(a)(1)(ii), 903(c), and 3304(a)(2), respectively.

[2] Appellant filed a timely post-sentence motion on May 15, 2014. Appellant's motion was denied by operation of law on September 19, 2014, and Appellant filed a timely notice of appeal that same day.  On February 4, 2015, the court ordered Appellant to file a concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b); and Appellant timely complied on February 20, 2015.

Appellant raises two issues for our review:

> WHETHER THE EVIDENCE WAS INSUFFICIENT TO CONVICT APPELLANT OF CRIMINAL TRESPASS 18 PA.C.S. § 3503, CONSPIRACY 18 PA.C.S. § 903, AND CRIMINAL MISCHIEF 18 PA.C.S. § 3304(B)?

> WHETHER THE WEIGHT OF THE EVIDENCE IS AGAINST APPELLANT'S CONVICTIONS FOR CRIMINAL TRESPASS 18 PA.C.S. § 3503, CONSPIRACY 18 PA.C.S. § 903, AND CRIMINAL MISCHIEF 18 PA.C.S. § 3304(B)?

(Appellant's Brief at 7).

With respect to a sufficiency claim:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [finder] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

***Commonwealth v. Jones***, 874 A.2d 108, 120-21 (Pa.Super. 2005)

(quoting ***Commonwealth v. Bullick***, 830 A.2d 998, 1000 (Pa.Super.

2003)).

- 2 -

Our standard of review for a challenge to the weight of the evidence is as follows:

> The weight of the evidence is exclusively for the finder of fact who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. An appellate court cannot substitute its judgment for that of the finder of fact. Thus, we may only reverse the lower court's verdict if it is so contrary to the evidence as to shock one's sense of justice. Moreover, where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.

*Commonwealth v. Champney*, 574 Pa. 435, 444, 832 A.2d 403, 408 (2003), *cert. denied*, 542 U.S. 939, 124 S.Ct. 2906, 159 L.Ed.2d 816 (2004) (internal citations omitted).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Anne Marie B. Coyle, we conclude Appellant's issues merit no relief. The trial court opinion comprehensively discusses and properly disposes of the questions presented. (**See** Trial Court Opinion, filed February 17, 2016, at 4-10) (finding: police officers saw torso and arms of Appellant's co-conspirator positioned inside front porch window of victim's residence at approximately 12:30 a.m., while Appellant stood nearby and served as lookout; officers observed Appellant alert co-conspirator to police presence, at which point both assailants attempted to flee; Appellant and co-conspirator gave police

incompatible explanations for their presence at victim's residence, and Appellant initially gave police false name; officers observed porch window through which co-conspirator entered residence was damaged and occupants of residence were frightened; Commonwealth witnesses' testimony was credible; Appellant's explanation to officers at scene for his presence there conflicted with Appellant's witnesses' testimony; Appellant and his co-conspirator did not own residence and had no permission to enter residence; Appellant and co-conspirator actively participated and shared common intent; Appellant and his co-conspirator demonstrated consciousness of guilt when they attempted to flee and gave dissimilar explanations to officers; weight and sufficiency of evidence supported verdict for all charges). The record supports the court's decision. Thus, we affirm on the basis of the trial court opinion.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/1/2016

- 4 -

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CRIMINAL TRIAL DIVISION

**FILED**

FEB 17 2016

Criminal Appeals Unit
First Judicial District of PA

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA ) | PHILADELPHIA COUNTY |
| ) | COURT OF COMMON PLEAS |
| ) | |
| VS. ) | |
| ) | NO. CP-51-CR-0011984-2012 |
| ) | |
| JAMAL SWINTON ) | |

CP-51-CR-0011984-2012 Comm. v. Swinton, Jamal
Opinion



7407859881

## OPINION

### PROCEDURAL HISTORY

Appellant, Jamal Swinton, as the above-named Defendant, seeks review of the Order and Judgment of Sentence imposed on May 15, 2014 by the Honorable Anne Marie Coyle, Judge of the First Judicial District Court of Common Pleas. Within the Defendant's Statement of Matters Complained Of On Appeal Pursuant to Pa. R. P. 1925(b), the Appellant challenges the sufficiency of evidence supporting the trial court's verdicts of guilty.

On March 17, 2014, following a bench trial before the Honorable Anne Marie Coyle, Judge of the First Judicial District Court of Common Pleas, the Defendant Jamal Swinton was found guilty of Pennsylvania Crimes Code, 18 Pa.C.S. § 3503 Criminal Trespass, graded as a felony of the second degree, Pennsylvania Crimes Code, 18 Pa.C.S. § 903 Conspiracy, graded as a felony of the second degree, and Pennsylvania Crimes Code, 18 Pa.C.S. § 3304(b) Criminal Mischief, graded as a summary offense. The Court

1

found the Defendant not guilty of the crime of Burglary, Pennsylvania Crimes Code 18 Pa.C.S. § 3502, graded as a felony of the first degree. (N.T. 3/17/2014, p.42).

On May 15, 2014, this trial court sentenced the Defendant to a county term of incarceration of time served to twenty-three months, followed by six years reporting probation for Criminal Trespass. The same sentence was imposed for Criminal Conspiracy. The sentences for each charge were ordered to be served concurrently to each other. No further penalty was imposed for the summary offense of Criminal Mischief. Timely filed Post Verdict Motions were denied by operation of law. On September 19, 2014, the Defendant filed a timely Notice of Appeal.

In his Statement of Matters Complained of on Appeal, the Defendant asserts that the evidence was insufficient to conclude guilt beyond a reasonable doubt on the charges because there was no ownership and non-permission testimony. The Defendant also claims that the verdict was against the weight of the evidence because he brought forth two witnesses to testify on his behalf to explain his presence on the block of 1600 South Frazier Street on September 5, 2012 at the time of the offense. After a careful review of the issues presented and the compiled record, this Court finds both related claims to be without merit.

FACTUAL HISTORY

At trial, the Commonwealth of Pennsylvania established that on September 5, 2012, at or about 12:30 a.m., City of Philadelphia Police Officers Minor and Sergeant Gordon, while driving in a marked patrol car and dressed in full uniform, were dispatched by police radio to the location of 1622 South Frazier Street, Philadelphia, PA. (N.T. 3/17/2014, pp. 7-11). At this location, the officers observed the Defendant and a second

2

male on the connected residential row home porches of 1620 and 1622 South Frazier Street, Philadelphia, PA respectively.

Officer Minor testified credibly that he immediately noticed the second male, the Defendant's co-conspirator, with his body positioned halfway inside the damaged front porch window of 1622 South Frazier Street, with his arms and head hanging inside the window between the window frame and a front room air conditioner. As the officers approached, Officer Minor saw the Defendant, who was standing approximately three feet from his co-conspirator, yell to his cohort. The accomplice then looked in the direction of the officers, immediately exited from his contorted position in the window, and attempted to leave the porch. (N.T. 3/17/2014, pp. 8-13).

Immediately after seeing the police officers approach, the Defendant also tried to walk away from Officer Minor and headed towards the front door of 1620 South Frazier Street. Both individuals were then stopped by the officers. The male previously in the window of 1622 South Frazier Street provided an incredible story that he had been at a friend's house and that he was trying to get his bag of clothes from the residence. His abnormal porch window method of entry into this occupied home at that time of the early morning was not explained.

The Defendant gave an excuse for his presence that was far different from his accomplice, when he told the officers that he was visiting 1620 South Frazier Street to visit his girlfriend. (N.T. 3/17/2014, pp. 12-15). The Defendant also provided the false name of Jamal Williams. (N.T. 3/17/2014, p. 12). Police officers spoke to both occupants of 1622 South Frazier Street who had been fearfully peering from their residence. (N.T. 3/17/2014, pp. 16-22). After no occupant or resident at either home provided any

3

information to the officers that supported either of the males' stories, both men were placed under arrest.

DISCUSSION

The Defendant claims that, "the evidence was insufficient to conclude guilt beyond a reasonable doubt on the charges because there was no ownership and non-permission testimony." It is well established, however, that specific proof of ownership is not a fundamental requisite to the Commonwealth's case when evidence is sufficient to show an attempt to break and enter with intent to steal. *Commonwealth v. Hicks*, 209 Pa. Super. 1, 8-9, 223 A.2d 873, 877 (1966). An attempt to break and enter with intent to steal can be proven via circumstantial evidence and is sufficient as proof beyond a reasonable doubt if the fact-finder could take all reasonable inferences from the evidence believed and properly base their verdict. *Commonwealth v. Cox*, 460 Pa. 566, 569, 333 A.2d 917, 918 (1975).

In this instance, direct evidence demonstrated that the Defendant was observed by police with a co-conspirator entering into an unlit residence at 12:30 a.m. through a porch window instead of the front door which was few feet away. Officers saw the Defendant alert his co-conspirator to the police presence whereupon he abruptly retreated. (N.T. 3/17/2014, pp. 10-13). This Court considered the totality of direct and circumstantial evidence presented from the police officers including their observation of fearful homeowners and neighbors, common sense deductions from the positioning and reaction of both males on the porch and in the window at that time of the morning, and properly inferred that neither the Defendant nor his co-conspirator owned the property at issue or had been given permission to enter. The Court reasonably concluded by breaking into

4

the residence at that time of night through a darkened residential porch while watching out for police, the Defendant and his co-conspirator possessed the requisite criminal intent. Upon such proof, the Commonwealth need not specifically prove non-ownership in order to prove the criminal conduct at issue.

The Defendant argues that the evidence presented at trial was insufficient to establish he committed Criminal Trespass, as a felony of the second degree, Criminal Conspiracy, as a felony of the second degree, and Criminal Mischief as a summary offense. The standard for reviewing whether the conviction was based on sufficient evidence is whether, viewing all the evidence admitted at trial in the light most favorable to the Commonwealth as verdict winner, the court is able to ascertain that there existed sufficient evidence to enable the fact-finder to find every element of the crime beyond reasonable doubt. *Commonwealth v. Lewis*, 2006 PA Super 314, 911 A.2d 558, 563-65 (Pa. Super Ct. 2006); *Commonwealth v Widmer*, 560 Pa. 308, 744 A.2d 745, 751 (Pa. 2000). When reviewing the evidence adduced at trial, the Court may not weigh the evidence and substitute its judgment for that of the fact-finder. *Commonwealth v. Derr*, 841 A.2d 558, 560 (Pa. Super. 2004).

It is for the fact-finder to determine any doubts regarding the Defendant's guilt. If the facts relied on by the fact-finder are so weak or inconclusive that, as a matter of law, no probability of fact may be drawn from the circumstances, then the conviction in question cannot stand. *Commonwealth v. Kim*, 888 A.2d 847, 851-52 (Pa. Super. 2005), *appeal denied*, 587 Pa. 721, 899 A.2d 1122 (2006) (quoting *Commonwealth v. Lehman*, 820 A.2d 766, 772 (Pa. Super. 2003) (citations omitted)); see also *Commonwealth v. Meals*, 590 Pa. 110, 912 A.2d 213, 218 (Pa. 2006) (holding that a sufficiency of the

evidence claim is a question of law). Additionally, the Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. *Commonwealth v. Brooks*, 7 A.3d 852, 856-857 (Pa. Super. 2010).

To sustain a conviction for Criminal Trespass, in violation of 18 Pa.C.S. § 3503(a)(1)(ii), the Commonwealth was required to prove that the Defendant broke into an occupied structure or building without license or privilege to do so. After arriving on the scene, observing the Defendant, and detaining both males, Officer Minor knocked on the door of 1622 South Frazier Street and established that two females were present inside the property. Officer Minor further testified that the women in the house appeared were fearful in the doorway in response. Both males presented clearly incompatible fictions to explain their suspicious presence on the porches at the time of the morning. The Defendant supplied a false name. The unique position of the second male in the window along with his immediate attempt to retreat when notified of police arrival provided the Court with ample direct and circumstantial evidence to convict the Defendant of Criminal Trespass.

To sustain a conviction for Criminal Conspiracy, the Commonwealth must establish that the offender entered into an agreement to commit or aid in an unlawful act with another person or persons, with a shared criminal intent, and an overt act was done in furtherance of the conspiracy. *Commonwealth v Jones*, 874 A.2d 108, 121-122 (Pa.Super.2005). "This overt act need not be committed by the Defendant; it need only be committed by a co-conspirator." *Commonwealth v. Hennigan,* 753 A.2d 245, 253 (Pa. Super. 2000). Further, circumstantial evidence may provide proof of the conspiracy.

6

*Commonwealth v. Green*, 702 A.2d 547, 554 (Pa. Super. 1997). The conduct of the parties and the circumstances surrounding such conduct may create a "web of evidence" linking the accused to the alleged conspiracy beyond a reasonable doubt. *Id.* Additionally, an agreement can be inferred from a variety of circumstances including, but not limited to, the relation between the parties, knowledge of and participation in the crime, and the circumstances and conduct of the parties surrounding the criminal episode. *Id.* These factors may coalesce to establish a conspiratorial agreement beyond a reasonable doubt where one factor alone might fail. *Id.*

In the case sub judice, both men actively participated in the commission of the crime and shared a common intent. Although there was no direct evidence of an explicit agreement to carry out the crime, it is clear that an agreement existed from the observed cooperation between the Defendant and his co-conspirator. The Defendant served as a look-out while his co-conspirator broke into the home located at 1622 South Frazier Street. When Police Officer Michael Minor saw both men on the dark porch, the Defendant was standing three feet from his cohort who was positioned halfway inside the property between the window frame and the air conditioner with both arms and head inside the window. Officer Minor further testified that the Defendant yelled to the co-conspirator as the officer pulled up to the scene. Overt acts in furtherance of the conspiracy were easily illustrated in the Defendant's conduct, in conjunction his co-conspirator's physical efforts when climbing through the damaged porch window and retreating upon alert.

Although the statement of Matters Complained Of On Appeal generally alleges insufficiency of the evidence of all charges including Criminal Mischief on the grounds

7

that there was neither ownership nor non-permission testimony, it was not debated at trial that either of the arrested men ever resided or owned the residence at 1622 South Frazier Street where the porch window was clearly damaged. Thus, no basis for an appeal based upon this insufficiency ground can stand.

The Defendant subsequently contends that the verdict was against the weight of evidence presented at trial because two witnesses testified on his behalf to explain his presence on the block at issue. The weight given to the evidence, however, is wholly within the province of the finder of fact who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. *Commonwealth v. Hunzer*, 868 A.2d 498, 506-507 (Pa. Super. Ct. 2005). An appellate court cannot substitute its judgment for that of the finder of fact. *Commonwealth v. Boyd*, 73 A.3d 1269, 1274-1275 (Pa. Super. 2013) (citing *Commonwealth v. Cruz*, 919 A.2d 279, 281-82 (Pa. Super. 2007)). A verdict is against the weight of the evidence only if it is so contrary to the evidence as to shock one's sense of justice. *Commonwealth v. Brown*, 648 A.2d 1177 (Pa. 1999). To obtain relief on this ground, a defendant must show that the lower court's decision was manifestly unreasonable, that the law was not applied, or that the record shows that the action is the result of partiality, prejudice, bias or ill will. *Commonwealth v. Widme*r, 744 A.2d 745, 753 (Pa. 2000), quoting *Coker v. S.M. Flickinger Company, Inc.*, 625 A.2d 1181, 1185 (Pa. 1993).

This Court, as the finder of facts at trial, determined that the testimony of the Officer Minor as the Commonwealth's witness was convincing and credible. The Court specifically found that the theory of the defense was not even supported by his own witnesses produced at trial. The Defendant offered two persons who testified that the

8

Defendant was at a friend's house, located at 58th Street and Kingsessing Avenue in Southwest Philadelphia on the night of September 5, 2012. At around 12:15 a.m., they claimed that the Defendant and his friend began walking over to the Defendant's girlfriend's house on the 5600 block of Springfield Street. (N.T. 3/17/2014, pp. 25-28). The Defendant and his friend split up at Frazier Street, and the Defendant continued on towards Springfield. Before reaching his girlfriend's house on Springfield Street however, he was somehow arrested by the police for trespassing at 1622 South Frazier Street. (N.T. 3/17/2014, pp. 32-33).

The Defendant, on the porch of 1622 Frazier Street, conversely claimed to the responding patrol officers that he had been visiting his girlfriend at 1620 South Frazier Street, Philadelphia, PA. (N.T. 3/17/2014, p.15). His own words spoken to Officer Minor contradict the testimony of his witnesses, one of whom claimed that she was the Defendant's girlfriend he had been visiting. Each of these witnesses testified that the correct address of his girlfriend to be within the 5600 block of Springfield Street, Philadelphia, PA and certainly not at either residence located at 1620 or 1622 South Frazier Street, Philadelphia, PA.

The Court carefully evaluated the contradicting testimony of the Defendant's witnesses which flanked the testimony given by Officer Minor. The Court was well within its discretion to conclude that, even if the Defendant had another remote reason for being in the area of the 1600 block of Frazier Street, the testimony of the defense witnesses did not sufficiently support the proffered explanation for either male's early morning presence on a stranger's residential porch or inside the next door residential front window. Similarly, no one accounted for the false name supplied by the Defendant.

The Court made a common sense determination that the condemning testimony introduced by the Commonwealth was far more plausible and stronger weighted than the incredible contradicting versions of events proffered by the Defendant. Evidence abundantly sustained the Court's belief that police had interrupted two men during their late night criminal trespass of an occupied residence. The Defendant had been acting as the lookout for his co-conspirator, who was entering the residence of 1622 South Frazier Street through the porch window. Both males demonstrated their consciousness of their guilt when they attempted to retreat or flee at the sight of the officers and gave dissimilar yarns.

The totality of the evidence sufficiently supported the verdicts of guilt for all charges and convinced this finder of facts that the convictions were not against the weight of the evidence. *See Commonwealth v. Davidson*, 2004 PA Super 396, ¶ 12, 860 A.2d 575, 581 (2004) aff'd, 595 Pa. 1, 938 A.2d 198 (2007).

## CONCLUSION

Upon careful review of this entire record, this Honorable Court finds no harmful, prejudicial, or reversible error has been committed. The appellate claims and corresponding request for relief filed on behalf of the Defendant Jamal Swinton should be dismissed and judgment of the trial court should be affirmed.

By the Court,

DATE: February 17, 2016

Anne Marie B. Coyle, J.

10