Commonwealth *v.* Hartman, Appellant.

462

Argued November 14, 1955. Before STERN, C. J., STEARNE, JONES, BELL, MUSMANNO and ARNOLD, JJ.

*Joseph E. DeSantis,* with him *Clarence C. Mendelsohn,* for appellant.

*Edward Youngerman,* Assistant District Attorney, with him *Henry M. Koch,* District Attorney, for appellee.

OPINION PER CURIAM, January 4, 1956:

Albert D. Hartman was convicted of driving while under the influence of intoxicating liquor. The Trial Court ordered a new trial. The Commonwealth appealed to the Superior Court which reversed the order. This Court granted an allocatur. "At most, appeals by the Commonwealth are sanctioned only where the ruling is against the Commonwealth on pure questions of law and no issues of fact are involved." (*Com. v. Dolan,* 155 Pa. Superior Ct. 453, 455.) It is evident that the appeal to the Superior Court was one based

on an admixture of law and fact and that, therefore, the Commonwealth was not under the circumstances entitled to appeal.

An intoximeter device had been used to test the percentage of alcohol in the defendant's blood system about an hour after his arrest. In granting the new trial, the lower Court said: "The Commonwealth's expert, Dr. Muehlberger, testified that from one-half hour to an hour and a half is required for the alcohol in one's stomach to find its way completely into the blood stream. If defendant in fact did not drink prior to 3:00 p.m., the Commonwealth's own witness has demonstrated that the alcohol in his system may not have been fully effective until 4:30 p.m., about fifteen minutes before the intoximeter test was apparently given, but at least forty minutes after he stopped driving. Under the circumstances just set forth, the results of the test would not be indicative of defendant's condition at the time he was arrested . . . We conclude that the introduction of evidence of the results of the intoximeter test, when evidence of the Commonwealth's witness, Dr. Muehlberger, indicates that the alcohol may not have completely entered the blood stream at the time of defendant's arrest, was improper. Since the jury may have relied upon such evidence and may have found defendant 'guilty' solely or largely from that evidence, we conclude that a new trial should be awarded."

"The trial court has wide discretion in granting a new trial, and the appellate court is warranted in reversing only where there has been a clear abuse of that discretion." (*Commonwealth v. Dellcese*, 155 Pa. Superior Ct. 120.)

The record does not show that the lower Court abused its discretion in granting a new trial. The or-

der of the Superior Court should therefore be reversed, and it is reversed with a venire facias de novo.

Mr. Justice BELL would affirm the order of the Superior Court on its opinion.