Commonwealth *v.* Whitaker, Appellant.

Submitted April 23, 1970. Before Bell, C. J., Jones, Cohen, Eagen, O'Brien, Roberts and Pomeroy, JJ.

*R. Barclay Surrick,* Assistant Public Defender, for appellant.

*Anna Iwachiw Vadino* and *Ralph B. D'Iorio,* Assistant District Attorneys, and *Stephen J. McEwen, Jr.,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE EAGEN, October 9, 1970:

On June 21, 1967, Philip H. Whitaker was convicted by a jury in Delaware County of murder in the second degree. A new trial was refused and a prison sentence of 6 to 12 years was imposed. This appeal was then filed. We affirm.

It is first argued that the trial evidence was insufficient to sustain the jury's verdict. Our study of the record readily manifests that this position is devoid of merit.

In determining the sufficiency of the evidence, be it direct or circumstantial, the test is whether, accepting as true all of the evidence and all reasonable inferences arising therefrom, upon which, if believed, the jury could have based its verdict, it is sufficient in law to

prove beyond a reasonable doubt that the defendant is guilty of the crime or crimes of which he has been convicted. *Commonwealth v. Myers*, 439 Pa. 381, 266 A. 2d 756 (1970), and *Commonwealth v. Commander*, 436 Pa. 532, 260 A. 2d 773 (1970). The evidence clearly satisfies the test.

The pertinent testimony may be fairly summarized in this manner:

Whitaker and the victim, Gladys Childs, although not married, lived together as man and wife for several years. During this period Whitaker threatened the life and physical well-being of Mrs. Childs on numerous occasions, and a few days immediately prior to the date here involved seriously assaulted her with a broom.

On the night of March 7, 1967, Whitaker, after drinking some wine, came home and entered the victim's bedroom on the second floor of the house. The two were then heard arguing and a gunshot followed. One of Mrs. Child's children hurried towards the bedroom and saw her mother coming therefrom into the hallway, and heard her say "help me." Whitaker was seen standing nearby with a revolver in his hand. Mrs. Childs started down the stairs to the first floor and collapsed. Whitaker then ran from the house, discarded the gun, and eventually appeared at the home of a friend to whom he said, "I just shot Chink" (Mrs. Child's nickname).

Mrs. Childs was taken to a hospital where she was pronounced dead. An autopsy disclosed the death caused by a bullet which entered the body through the left portion of the chest piercing vital internal organs.

Whitaker testified that during the argument in the bedroom, Mrs. Childs obtained the revolver from a closet shelf and that as he tried to take it from her, it accidentally discharged. Despite Whitaker's testimony to the contrary, the jury was warranted in find-

ing that he intentionally fired the shot which caused Mrs. Child's death. And, the jury could then also infer that he did so maliciously. *Commonwealth v. Myers,* supra, and *Commonwealth v. Winebrenner,* 439 Pa. 73, 265 A. 2d 108 (1970).

It is next argued that it was a violation of Whitaker's constitutional rights for the trial judge to permit counsel to waive voir dire examination during selection of the jury.[1] Assuming, arguendo, that the voir dire examination of prospective jurors is one of constitutional dimension, the record discloses that counsel abandoned this procedure, only after Whitaker was personally advised, both by his counsel and the court, of his right to examine each juror separately and to excuse certain jurors through the exercise of peremptory challenges. After receiving this advice, Whitaker personally consented to the jury's selection without the customary voir dire examination by counsel. Additionally, in an exercise of admirable caution, the trial court then proceeded to ask the assembled panel of jurors generally all of the questions usually asked on a voir dire examination to determine if any possible reason existed why any prospective juror could not serve in a fair and objective manner. Under the circumstances, the complaint now asserted is baseless.

Next, it is urged that the trial judge erred in not instructing the jury as to the impact of circumstantial evidence and the quantity of such proof required to convict. Initially, we note that such an instruction was not requested, although the opportunity to make such a request was given. Nor was a specific exception

---

[1] The trial in this case occurred prior to the effective date (August 1, 1968) of Rule 1106 of the Pennsylvania Rules of Criminal Procedure. Hence, we need not reach the question of whether or not under Rule 1106 voir dire examination is mandatory in a capital case.

entered of record to the charge. Moreover, in the course of instructions, the trial judge repeatedly told the jury that before the defendant could be convicted of any crime, his guilt must be established by the Commonwealth beyond a reasonable doubt. Under the circumstances, the inadequacy complained of does not warrant a retrial.

While the ultimate factual finding as to who fired the fatal shot depended in part on circumstantial evidence, this evidence was strongly supported by Whitaker's own spontaneous and volunteered statement after the occurrence: "I just shot Chink."

We have carefully considered each and every submitted assignment of error and find no reason to upset the jury's verdict.

Judgment affirmed.