Commonwealth, Appellant, *v.* Wrona.

202

Argued January 12, 1971. Before BELL, C. J., JONES, EAGEN, O'BRIEN, ROBERTS, POMEROY and BARBIERI, JJ.

Joseph Michael Smith, with him F. Emmett Fitzpatrick, Jr., James J. Wilson, and Fitzpatrick and Smith, for defendant.

Arlen Specter, District Attorney, with him Martin H. Belsky and Milton M. Stein, Assistant District Attorneys, James D. Crawford, Deputy District Attorney, and Richard A. Sprague, First Assistant District Attorney, for Commonwealth.

Opinion by Mr. Justice Eagen, March 18, 1971:

On April 23, 1969, Joseph F. Wrona, Jr., was convicted in Philadelphia of voluntary manslaughter after a trial before the Honorable Edward J. Bradley, sitting without a jury.

Wrona's motion for arrest of judgment or, in the alternative, a new trial was subsequently denied, and at the time fixed for sentencing the trial judge directed that Wrona serve eight year's probation under the supervision of the State Parole Board.

Within thirty days, the district attorney filed a petition with the court for "Reconsideration of Sentence"[1] averring that placing Wrona on probation amounted to a "release [which] gives rise to a sense of outrage for the extreme leniency shown defendant; and adds to the Community's problems concerning widespread illegal conduct of uncontrolled juveniles . . . ." A hearing was granted, after which the trial judge denied the petition on the merits, but expressed reservations as to whether or not it was constitutionally permissible to change the previous order of the court imposing probation, to a sentence of imprisonment as the district attorney requested. From the denial of the district attorney's petition, the Commonwealth filed an appeal. From the order of probation, Wrona filed an appeal. The appeals were consolidated for argument before this Court and will be disposed of in this one opinion.

## Wrona Appeal [No. 339]

The killing involved occurred during a street fight between Wrona, who was then sixteen years of age, and

---

[1] An order placing an individual convicted of crime on probation is not a judgment of sentence as that term is construed for the purposes of procedure. (*Commonwealth v. Vivian*, 426 Pa. 192, 231 A. 2d 301 (1967)). However, for the purposes of this opinion it may be equated therewith.

Samuel Harper, eighteen years of age. Wrona twice plunged a penknife into Harper's body inflicting wounds which resulted in death about two and one-half hours later.

Wrona contends that the trial testimony proved that he acted in self-defense, and, therefore, his guilt of voluntary manslaughter was not established beyond a reasonable doubt.

It is unquestionably correct that Wrona's conviction should not be sustained unless the evidence established his guilt beyond a reasonable doubt, and that if the evidence when read in a light most favorable to the Commonwealth established that Wrona acted justifiably under the circumstances, i.e., in self-defense, he would not be guilty of any crime. Cf. *Commonwealth v. Garrett*, 423 Pa. 8, 222 A. 2d 902 (1966). But, in determining if the evidence was sufficient to sustain the conviction, the test is, whether accepting as true all of the evidence (be it direct or circumstantial) and all reasonable inferences arising therefrom, upon which the jury, or the trial court in a nonjury trial, could properly have reached its verdict, is it sufficient in law to prove beyond a reasonable doubt that the defendant is guilty of the crime of which he has been convicted. *Commonwealth v. Whitaker*, 440 Pa. 143, 269 A. 2d 886 (1970), and *Commonwealth v. Commander*, 436 Pa. 532, 260 A. 2d 773 (1970). Applying this test to the testimony, we are satisfied that Wrona's appeal is without merit.

The testimony warranted the trial judge in finding the following facts:

The fight was initiated by Harper, and, during the course thereof, he struck Wrona with his fists and knocked him to the ground; then when Harper, who was unarmed, was backing away, Wrona pulled a knife, ran towards Harper and twice plunged the knife into

his body. In one instance, the knife penetrated Harper's left chest to a depth of three inches cutting the upper portion of a lung. In the other instance, it penetrated the abdomen to a depth of five inches cutting the large bowel and the rear portion of the gall bladder.

Based on the above facts, the trial judge concluded that while Harper initiated the fight, Wrona "over reacted" and, under the circumstances, was not justified in employing the use of a knife in the manner he did. These conclusions are supported by the evidence, hence, the verdict was well founded.

In order to justify the taking of another's life in self-defense, it is not only *necessary* that the evidence establish the slayer had a reasonable belief that he was in imminent danger of death, great bodily harm, or the commission of a felony of violence, but it must also establish (1) that there was a necessity for the slayer to take the life of his assailant in order to save himself from the dangers mentioned; (2) that the slayer could not have avoided the apparent danger by any reasonably safe means other than killing his assailant; and, (3) that the slayer used no more force than was necessary or reasonably appeared to him to be necessary to save himself from death, great bodily harm or the commission of a felony. Cf. *Commonwealth v. Johnston,* 438 Pa. 485, 263 A. 2d 376 (1970).

The motion in arrest of judgment was correctly overruled.

### COMMONWEALTH APPEAL [No. 321]

After studying a presentence report prepared by the court's probation department, which included, inter alia, a psychiatric evaluation, the trial judge concluded that a long term of probation and mandatory psychotherapy was the wiser course to pursue with Wrona,

rather than to impose a term of prison incarceration. In its appeal the Commonwealth maintains that, under the circumstances, this was an abuse of judicial discretion, and the order denying reconsideration of this discretion is an appealable order and should be reversed. It is not an appealable order, and our discussion need not extend beyond this question.

The Court has said many times that the Commonwealth has no right to appeal from an adverse ruling in the trial court, unless a pure question of law is involved, and that the Commonwealth may not appeal if the action complained of is based on an admixture of law and fact. See *Commonwealth v. Bosurgi*, 411 Pa. 56, 190 A. 2d 304 (1963); *Commonwealth v. Melton*, 402 Pa. 628, 168 A. 2d 328 (1961); and *Commonwealth v. Hartman*, 383 Pa. 461, 119 A. 2d 211 (1956).

Whether a trial judge imposed a proper sentence on a criminal defendant does not present a pure question of law, unless the sentence exceeds the statutorily prescribed limits or is such as to be constitutionally impermissible. In the usual case, the problem presents a mixture of law and fact. Hence, our Superior Court has correctly ruled that the sentence imposed on a person convicted of crime lies with one exception (where the conviction is for first degree murder following a trial by jury) within the sole discretion of the trial court, and the sentence imposed will not be reviewed by an appellate court, unless it exceeds the statutorily prescribed limits or is so manifestly excessive as to constitute too severe a punishment. See *Commonwealth v. Bilinski*, 190 Pa. Superior Ct. 401, 154 A. 2d 322 (1959).

Since the sentence here falls within neither mentioned exception, the Commonwealth could not properly appeal from the judgment of sentence. The fact that the appeal comes before us from an order denying re-

consideration of the sentence gives the Commonwealth no greater right, for to allow an appeal under such circumstances would be permitting the Commonwealth to accomplish through the back door that which it may not do through the front.

The cases cited by the Commonwealth in support of its position that the action of the court below is reversible on appeal are inapposite. One such, *Wilson Appeal*, 438 Pa. 425, 264 A. 2d 614 (1970), dealt with the power of a juvenile court to impose an indeterminate sentence which could result in a longer period of incarceration than that permitted by statute. Such a situation comes within one of the exceptions noted previously.

In 339 the Order is affirmed.

In 321 the Appeal is quashed.

―――――――

CONCURRING OPINION BY MR. CHIEF JUSTICE BELL:

I agree with the decision of the Court in No. 339, in which the Court denied Wrona's appeal from his conviction of manslaughter and the judgment of sentence thereon.

However, I disagree with the quashing of No. 321, which was appealed by the Commonwealth. In this case, the district attorney filed within thirty days, as permitted by the Act of June 1, 1959, P. L. 342, §1, 12 P.S. §1032, a "Petition for Reconsideration of Sentence." In said petition, he averred that placing Wrona on probation for eight years was a clear abuse of discretion. I agree with the district attorney that the trial Judge should have given Wrona a prison sentence, but my belief on this point is of no moment.

I further believe that the Act of June 1, 1959, supra, which was relied upon by the district attorney, is Constitutional, and that thereunder the Commonwealth may petition for a reconsideration of sentence and, if denied, may appeal from an adverse ruling of the trial

Court *only if it involves a pure question of law.* See *Commonwealth v. Bosurgi,* 411 Pa. 56, 190 A. 2d 304; *Commonwealth v. Melton,* 402 Pa. 628, 168 A. 2d 328; *Commonwealth v. Hartman,* 383 Pa. 461, 119 A. 2d 211. However, I further believe that a trial Judge or Court en banc has the power to impose any legally authorized sentence it deems wise and just, provided it does not exceed the statutorily prescribed limits for a crime for which the defendant was convicted and is not Constitutionally impermissible. In other words, a district attorney has no right or power to challenge a sentence on the ground of an abuse of discretion or for any other reason or ground except the ones hereinabove set forth.

For these reasons I would dismiss the Commonwealth's appeal.