**Commonwealth v. Ode**

*Robert Banks, Assistant District Attorney,* for Commonwealth.

*Joseph Valentino,* for defendant.

STRANAHAN, P. J., September 14, 1971.—This matter is before the court on a motion to suppress the results of a chemical test for intoxication given to defendant under the authority of 75 PS §624.1.

It has been stipulated by the parties that defendant was given a chemical test for intoxication and that at that time he was not advised by the police that he was permitted to have a physician of his own choosing then and there administer a breath or blood chemical test in addition to the test given by the police and that the results of this test would also be admissible into evidence. This right is provided in section 624.1(g). It would appear to this court that the issue involved is whether the failure to advise defendant of this right is a constitutional matter and, therefore, subject to a motion to suppress. The Rules of Criminal Procedure provide in rule 323 that the motion to suppress evidence can be made provided that the evidence has been allegedly obtained in violation to defendant's rights.

The basis of the problem presently before the court is a recent opinion of Commonwealth v. Dierkes, 51 D. & C. 2d 389, which holds, in substance, that the failure of the police to advise defendant of his right to have his own physician administer a similar test

to that given by the police is grounds to suppress the results of the test given by the police.

We have some difficulty with this opinion although we have a high regard for the author of it.

It may not be important but it seems to us that the weight that must be attached to a chemical test for intoxication during the trial must be put in its true perspective. The cases are quite consistent that the sole use of a chemical test is for the purpose of corroboration of other evidence of intoxication and a conviction cannot be had upon this testimony alone: Commonwealth v. Fetzner, 12 D. & C. 2d 180, and Commonwealth v. Hartman, 383 Pa. 461.

We, therefore, must initially disagree with the statement contained in Commonwealth v. Dierkes to the effect that these cases turn on the result of the chemical test. On the contrary, the juries must be charged that the guilt or innocence does not turn on the test, since the test is nothing more than an effort to corroborate the testimony of other Commonwealth witnesses, and the case must be decided on evidence of the driver's condition at the time he was operating his motor vehicle.

The purpose of pointing out this is not to split hairs but to lessen the tendency to solve the problem by saying that this is such an important piece of evidence that it must become the subject of a suppression motion because it is really the guts of the case. This simply is not true.

In order for this matter to become the subject of a suppression hearing, it must, of necessity, have some constitutional basis and it is obvious that the only constitutional basis that it could possibly have would be that it deprives defendant of his right to due process. Therefore, the issue that this court must decide is whether the failure to advise a defendant of his

right to have a physician administer a test in addition to that given to him by the police officer is a denial of due process. We do not believe that it is.

It is our opinion that if defendant requested that he have the right to have a doctor give him a test, in addition to the test that the police had given him, and that the police refused to permit this to be done, then the refusal might be a denial of due process or it might be that if the police purposely delayed arresting a defendant for a long period of time, thereby denying him the opportunity to obtain a doctor and have a test made, then it might be that such action on the part of the police would be a denial of due process. However, this denial of due process is not brought about by the failure of the police to advise him of a provision in a statute but is brought about by the police's refusal to allow him the opportunity to exploit a defense and thereby denying him a basic right of fairness which amounts to a denial of due process.

The case of The People v. Kerrigan, 8 Mich. App. 216, 154 N.W. 2d 43, is a case decided by the Supreme Court of Michigan under a factual situation analogous to the present case.

There, the court states:

"We do not read the statute to require the police to *advise the defendant* of his right to take such a test. The right in question on appeal is a statutory and not a constitutional right. While an accused must be advised of many constitutional rights, he need not be advised of all of his statutory rights unless the statute expressly requires it."

While there is an absence of authority in Pennsylvania on this subject, an examination of the decisions of other States would indicate that the police refusal of the accused's request to use the telephone to seek a test, or to call a doctor to make a test, or in any way to

refuse permission of the accused to obtain an independent medical examination constitutes a denial of due process by hampering him in the preparation of his defense: City of Tacoma v. Heater, 67 Wash. 2d 733, 409 P.2d 867 (1966); State v. Munsey, 152 Me. 198, 127 A.2d 79 (1956); In re Newbern, 175 Cal. App. 2d 862, 1 Cal. Rptr. 80 (1959); McCormick v. Municipal Court, 16 Cal. Rep. 211 (1961); In re Martin, 24 Cal. Rep. 833 (1962).

These courts, and particularly the courts of California, which have long been sensitive to the procedural due process safeguards, do not require an affirmative duty on the part of the police actively to solicit a request from an accused for an outside examination; on the other hand, the requirement is that the defendant be afforded only a reasonable opportunity to have such an examination undertaken.

"It is significant, however, that the law does not impose upon law enforcement agencies the requirement that they take the initiative, or even any affirmative action, in procuring the evidence deemed necessary to the defense of an accused. Rather it is the accused who must act to protect his interests, and it is only when he is denied an opportunity, reasonable under the circumstances, to procure a timely sample of his blood that he can properly claim a denial of due process": In re Koehne, 54 Cal. 2d 757, 8 Cal. Rptr. 435, 356 P.2d 179, State v. Tietz, 107 N. J. Super. 176, 257 A.2d 726 at 729-30.

The New Jersey Superior Court in State v. Tietz, supra, states the following:

". . . While police authorities are clearly under an obligation not to thwart the fundamental rights of an accused—specifically, his request for an independent physical examination—they are equally under no duty to construct his defense. To comport with due process

the procedures followed need only be fair and reasonable, and if the evidence obtained by the police is to be challenged, it is the obligation of the accused to take affirmative action. Absent defendant's actual and reasonable request to have an independent medical examination by his own doctor, there was no constitutional requirement that the police provide such service or to solicit the demand from him."

In Kesler v. Department of Motor Vehicles, 81 Cal. Rep. 348, 459 P.2d 900, the court noted California's statutory provisions, which are similar to ours, in that a suspect could have his own examination administered but held that these provisions did not purport to require the arresting officer to advise the driver that an additional test was available at his expense. The court noted that under California law the only warning required to be given was that the driver be told that his failure to submit to such a chemical test would result in the suspension of his operator's privilege. The court then said:

"Therefore, we may reasonably conclude that the legislature did not intend to impose the further requirement that the arresting officer advise the driver of the availability of an additional test at his own expense.

"Nor do we believe that principles of due process or equity require that persons in respondent's position be advised by law enforcement officers that additional tests may be taken at their own expense . . ., all that due process requires in the preservation of the rights of such persons is the availability of an opportunity for defendant to obtain a timely sampling of his blood in the manner required by law."

Since the Pennsylvania statute does not require that defendant be advised of his privilege to obtain an independent examination, we, therefore, conclude that

there is no obligation on the part of the police officer to advise him of this right and the failure to do so does not deprive defendant either of a constitutional right or a statutory right.

### ORDER

And now, September 14, 1971, defendant's motion to suppress the evidence obtained as a result of a chemical test is refused, and it is further ordered that exceptions are granted to defendant in this ruling of the court.