434 A.2d 102

**COMMONWEALTH of Pennsylvania**

v.

**Joseph BOARDMAN, Appellant.**

Superior Court of Pennsylvania.

Argued March 18, 1980.

Filed June 19, 1981.

Reargument Denied Sept. 15, 1981.

Petition for Allowance of Appeal Denied Nov. 9, 1981.

Morris Gerber, Norristown, for appellant.

Ronald T. Williamson, Assistant District Attorney, Norristown, for Commonwealth, appellee.

Before PRICE, CAVANAUGH and WATKINS, JJ.

WATKINS, Judge:

This is an appeal from the imposition of sentence after a plea of guilty. The court below relates the circumstances surrounding the plea.

"On December 7, 1978, the defendant entered an open plea of guilty to nine informations, encompassing seven (7) counts each of burglary and criminal conspiracy, nine (9) counts each of theft of movable property and receiving stolen property and three (3) counts of criminal trespass. Following a pre-sentence investigation, the defendant was sentenced to seven (7) concurrent terms of four to fifteen (4–15) years imprisonment on the burglary charges and two and one-half to five (2 & 1/2–5) years imprisonment on the theft and conspiracy charges to be served concurrently with the burglary sentences. The remaining charges were either merged with the burglary conviction or sentences were suspended.

A hearing was held on the petition for reconsideration of the sentences and the original sentences were imposed. However, the court below admits that a clerical error caused

the sentence of theft of movable property to be the same as imposed on the burglary charges. The sentence should be reduced to the original sentence of two and one-half to five (2 & 1/2–5) years and this Court will make the correction.

The principal argument of the defendant is that the sentences are unduly harsh and excessive. We have said many times that sentencing is within the discretion of the trial court and we will not interfere unless they exceed the statutory limits or are so manifestly excessive as to constitute too severe a punishment. *Commonwealth v. Wrona*, 442 Pa. 201, 206, 275 A.2d 78, 80 (1971).

The court below considered carefully the statutory provision designed to guide its sentencing discretion. Act of December 6, 1972, P.L. 1482, No. 334, as amended, December 30, 1974, P.L. 1052, No. 345, 18 Pa.C.S.A. §§ 1322, 1325.

The court recited its reasoning for the sentences as follows:

"A review of this record establishes that the following factors justified the sentence imposed: (1) the defendant had a history of addiction to amphetamines, thus making a return to crime statistically likely, (2) the defendant did not act under any provocation, (3) the victims were in no way responsible for the crimes, (4) the number of separate offenses involved precluded the defendant from being considered an initial offender, (5) no excessive hardship would be presented by incarceration, (6) the defendant is in need of correctional treatment, (7) a lesser sentence would depreciate the seriousness of the crime involved. Therefore, under these circumstances and given the fact that the sentence imposed is well within the statutory limits, Act of December 6, 1972, P.L. 1482, No. 334, 18 C.P.S.A. 1103(1), the sentence cannot be seen as improper. *Commonwealth v. Barton [Burton]*, 451 Pa. 12 (1973)."

James Dilliplane, the defendant's accomplice was sentenced to two and one-half to seven years imprisonment. The defendant and Dilliplane went on an extensive crime spree in Montgomery County. Before apprehension they

had committed seven burglaries and two thefts. Following arrest, a search of the defendant's home disclosed the presence of thousands of dollars of stolen merchandise. The defendant was the older of the two. The defendant was in his early thirties, while Dilliplane was in his early twenties.

The defendant served in the Marines for six years, served ten months in Viet Nam and was awarded purple hearts and discharged a Corporal. The court below took into consideration his war record, but also considered from his age and experience that he was the ringleader of the criminal spree.

The defendant relies on *Commonwealth v. Hill*, 237 Pa.Super. 543, 353 A.2d 870 (1976). He contends that the sentence is invalid as his co-defendant who was also a repeat offender received a lesser sentence. The co-defendant was sentenced to two and one-half to seven years pursuant to a plea agreement under which he agreed to testify on behalf of the Commonwealth.

In *Commonwealth v. Hill*, supra, there was no presentence investigation and the court below at sentencing was under a misapprehension as to prior offenses. This is not true in the instant case. Although the sentences in *Hill*, supra, were overturned, the court pointed out:

"we do not suggest that every situation where co-defendants are sentenced will require proportionment of sentences according to past criminal records; but here the difference in past records is significant. Each case raising the issue of excessive sentence must be reviewed on the circumstances of that case alone, recognizing that the trial judge has broad discretion in imposing sentence, and that if the sentence imposed is within statutory limits, there is no abuse of discretion unless the sentence is manifestly excessive so as to inflict too sever a punishment."

Judgment of sentence affirmed; and sentence on the theft of movable object charge reduced to two and one-half to five (2 & 1/2–5) years.