J-A06028-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOSEPH T. GARLOCK | |
| Appellant | No. 1465 MDA 2015 |

Appeal from the Judgment of Sentence July 30, 2015
In the Court of Common Pleas of Huntingdon County
Criminal Division at No(s): CP-31-CR-0000501-2014

BEFORE: LAZARUS, J., STABILE, J., and DUBOW, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED APRIL 26, 2016**

Joseph T. Garlock appeals from the judgment of sentence entered in the Court of Common Pleas of Huntingdon County following his conviction by a jury of retail theft.[1] The trial judge also found Garlock guilty of the summary offense of driving with a suspended license.[2] After review, we affirm on the basis of the opinion of the Honorable George N. Zanic, dated September 23, 2015.

A jury found Garlock guilty of retail theft after he stole merchandise from Walmart. Based upon a lengthy criminal history involving various felonies, misdemeanors and revocations of probation, the trial court

_____

[1] 18 Pa.C.S. § 3929(a)(1).

[2] 75 Pa.C.S. § 1543(b)(1).

sentenced Garlock on July 30, 2015, to a sentence beyond the sentencing guidelines range.[3] The court sentenced Garlock to 30 to 60 months' incarceration, to be served consecutively to a sentence of three months' incarceration for driving with a suspended license.

Garlock filed a timely post-sentence motion and notice of appeal, asserting that the trial court erred by imposing a sentence beyond the standard range recommended in the sentencing guidelines. Specifically, Garlock raises the following issues for our review:

1. Did the court below err by failing to consider that the Sentencing Guidelines adequately account for [Garlock's] prior criminal history?

2. Did the court below err by failing to consider that the Sentencing Guidelines adequately account for the seriousness of the crime for which [Garlock] was convicted?

3. Did the court below err by failing to consider that [Garlock] had remained relatively crime-free for six years prior to the incident for which he was convicted, and that his addiction contributed to the incident?

4. Did the court err below by failing to consider [Garlock's] acceptance of responsibility for his actions and efforts to rehabilitate himself?

5. Did the court below err in failing to sentence [Garlock] within the Sentencing Guidelines, given the issues raised above?

Brief for Appellant, at 5-6.

---

[3] The sentencing guidelines called for a sentence of 12 to 18 months' incarceration.

Each of Garlock's issues raised is a contention that his sentence is excessive, which presents a challenge to the discretionary aspects of sentencing. *See Commonwealth v. Mouzon*, 812 A.2d 617, 625 (Pa. 2002). An appellant is not entitled to review of the discretionary aspects of sentencing unless he or she satisfies a four-part test:

> (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Commonwealth v. Caldwell*, 117 A.3d 763, 768 (Pa. Super. 2015) (en banc) (quoting *Commonwealth v. Allen*, 24 A.3d 1058, 1064 (Pa. Super. 2011)).

Here, Garlock has filed a timely notice of appeal, preserved his claims in a post-sentence motion, and his brief is without a fatal defect. Thus, we must consider whether Garlock raises a substantial question.

Garlock argues that the trial court failed to state adequate reasons for imposing a sentence outside the sentencing guidelines. Indeed, when a trial court imposes a sentence outside the guidelines, the court must state on the record the reasons for deviating from the guidelines. *Commonwealth v. Johnson*, 666 A.2d 690, 693 (Pa. Super. 1995); 42 Pa.C.S. § 9721(b). We have found that a failure to do so creates a substantial question. *See Commonwealth v. Ventura*, 975 A.2d 1128, 1133 (Pa. Super. 2009) (holding a claim that the trial court did not state on the record adequate

reasons for sentencing outside the guidelines creates a substantial question).

Though Garlock argues that the trial court's stated explanation for deviating from the sentencing guidelines was inadequate, we note that the court specifically mentioned several compelling reasons for imposing the particular sentence in this case. These included Garlock's inability to achieve rehabilitation, the repetitive nature of his criminal activity, and his dangerous getaway from the crime scene as reasons for deviating from the sentencing guidelines.

We find that Judge Zanic's opinion, dated September 23, 2015, effectively addresses each of Garlock's arguments regarding the length of his sentence, and we affirm on that basis. We direct the parties to attach a copy of the trial court's opinion in the event of further proceedings.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/26/2016

FILED

2015 SEP 23 P 12: 32

PROTHONOTARY/CLERK
HUNTINGDON CO., PA

IN THE COURT OF COMMON PLEAS OF HUNTINGDON COUNTY,
PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA  : CRIMINAL DIVISION
                             :
            vs.              : NO. CP-31-CR-0000501-2014
                             :
    JOSEPH T. GARLOCK        :
                 Defendant   :

### 1925(a) MEMORANDUM

The Defendant, Joseph T. Garlock, was found guilty of retail theft,[1] graded as a felony of the third degree and driving while operating privilege is suspended or revoked,[2] a summary offense. On July 30, 2015, the Defendant was sentenced to serve a minimum term of 30 (thirty) months and a maximum term of 60 (sixty) months in a state correctional institution on the retail theft charge; and a consecutive 3 (three) month sentence on summary charge.[3] Defendant filed a timely Post-Sentence Motion which was denied on August 11, 2015. Defendant then filed a timely appeal to the Pennsylvania Superior Court on August 25, 2015. We write to fulfil out duties pursuant to Pa.R.A.P. 1925(a).

Counsel agreed at sentencing that Defendant presented with a prior record score of 5 (five) and that, under the circumstances, retail theft carried an offense gravity score of 3 (three). Therefore, the agreed upon standard range of sentence was 12 (twelve) to 18 (eighteen) months. (July 30, 2015, Sentencing Transcript, p. 3). It was also undisputed that Defendant's crime was properly graded as a third-degree felony, which carries a maximum penalty of 7 (seven) years of incarceration.

In his Statement of Matters Complained of on Appeal, Defendant raises the following two issues:

---

[1] 18 Pa.C.S. § 3929(a)(1)
[2] 75 Pa.C.S. § 1543(b)(1)
[3] On September 8, 2015 we entered an Order giving Defendant credit for the time from his date of incarceration until the date of his sentencing. The credit amounted to 342 days.

1

1. "This Court erred in imposing sentence, by taking into consideration matters beyond the scope of the Defendant's conduct, and imposing a sentence contrary to the goals and policies of this Commonwealth."

2. "This Court erred in failing to impose a sentence within the Sentencing Guidelines."

First, we did not consider any external factors at sentencing. Furthermore, the record is silent as to what "matters" that Defendant believes were considered "beyond the scope of the Defendant's conduct."[4] The trial court is afforded broad discretion in sentencing criminal defendants "because of the perception that the trial court is in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it." Commonwealth v. Ward, 524 Pa. 48, 568 A.2d 1242, 1243 (Pa. 1990).

Under Pennsylvania's Sentencing Code, 42 Pa.C.S. § 9701 et seq., a trial court must "follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." Id. § 9721(b). The court must also consider the statutory Sentencing Guidelines, which were promulgated in order to address the problems associated with disparity in sentencing. See id.; see also 42 Pa.C.S. §§ 2151-2155 (governing creation and adoption of the Sentencing Guidelines); 204 Pa. Code §§ 303.1- 303.18 (Pennsylvania Sentencing Guidelines); see generally, Commonwealth v. Sessoms, 516 Pa. 365, 532 A.2d 775, 776-77 (Pa. 1987) (discussing the formation of the Sentencing Commission and the development of the Guidelines). Commonwealth v. Mouzon, 571 Pa. 419, 423-24, 812 A.2d 617, 620 (2002).

We agree that the Defendant was sentenced outside of the recommended standard range. However, we did explain on the record that we had considered the sentencing guidelines. We also explained our reasons for deviating from the established guidelines. (July 30, 2015, Sentencing Transcript pp. 5-7).

---

[4] In his Post-Sentence Motion, Defendant expounded upon other sentences handed down by this Court on the same day that this Defendant was sentenced. Such an exercise is not only outside of the record in this case, but certainly irrelevant. While we could explain the reasoning for each sentence that was imposed by this Court on July 30, 2015, we will not compare the facts and circumstances of unrelated cases. On any given miscellaneous criminal court session we handle between 50 and 100 cases. To review the record in each case and to then compare sentences would be an impossible task.

Our Supreme Court has recognized that a trial court could abuse its discretion by imposing a sentence that was "manifestly excessive," even when that sentence was within the statutory limits. Sentencing, however, is "within the sole discretion of the trial court, and the sentence imposed will not be reviewed by an appellate court, unless it exceeds the statutorily prescribed limits or is so manifestly excessive as to constitute too severe a punishment." Commonwealth v. Wrona, 442 Pa. 201, 275 A.2d 78, 81 (Pa. 1971); see also Commonwealth v. Garramone, 307 Pa. 507, 161 A. 733, 735 (Pa. 1932) (applying "manifestly excessive" exception to conclude trial court abused its discretion in imposing death sentence). Similarly, in Commonwealth v. Person, 450 Pa. 1, 297 A.2d 460, 462 (Pa. 1972), the Supreme Court concluded that when a trial court imposes a sentence that is within the statutory limits, "there is no abuse of discretion unless the sentence is manifestly excessive so as to inflict too severe a punishment." Mouzon, at 430-31.

This Defendant has shown a propensity to ignore authority, and he has failed miserably in every attempt to rehabilitate himself. The sentencing guidelines are not suitable as they do not take into consideration the multiple failures of Defendant while on probation, nor do they consider the severity of the theft and Defendant's brazen get-away which put the public at risk. The sentence is not manifestly excessive, but necessary, when considering all of the relevant circumstances.

As the sentence is well within the statutory range of seven years, the Order of Sentence imposed July 30, 2015 should be affirmed.

BY THE COURT,

_____
George N. Zanic, P.J.

3