J-S15044-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                           :            PENNSYLVANIA
                                           :
                       v.                      :
                                         :
                                         :
JACOB PAUL ROXBERRY            :
                                         :
                  Appellant      :       No. 1169 WDA 2020

Appeal from the Judgment of Sentence Entered September 21, 2020
In the Court of Common Pleas of Venango County Criminal Division at
Nos.: CP-61-CR-0000480-2020,
CP-61-CR-0000716-2019

BEFORE: LAZARUS, J., MURRAY, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:           **FILED: AUGUST 27, 2021**

Appellant, Jacob Roxberry, appeals from the aggregate judgment of sentence of 28 months' incarceration to 22 years' incarceration, which was imposed after he pleaded guilty at CP-61-CR-0000480-2020 (No. 480-2020) to Burglary and at CP-61-CR-0000716-2019 (No. 716-2019) to two counts of Simple Assault.[1] We affirm.

The facts underlying this appeal are as follows. The victim (Victim) is the same person in both Nos. 480-2020 and 716-2019. Appellant was previously in a relationship with the Victim and they share children (Children). On August 18, 2019, Appellant was arrested and charged with Simple Assault for striking the Victim in the leg and threatening the Victim with a knife. Information, No. 716-2019. On February 18, 2020, Appellant pleaded guilty

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 3502(a)(1)(ii), 2701(a)(1) and 2701(a)(3), respectively.

to two counts of Simple Assault at No. 716-2019. Appellant's sentencing hearing was delayed due to the Covid-19 pandemic.

On July 14, 2020, Appellant was arrested and charged with Burglary, Stalking and Criminal Mischief for breaking into the Victim's home and starting a fire in her backyard, for the purpose of burning toys belonging to the Children. Information, No. 480-2020. Appellant had a Protection From Abuse order (PFA) to stay away from the Victim at the time of his arrest. N.T. Sentencing, 9/21/20, at 32. On August 4, 2020, Appellant pleaded guilty to Burglary at No. 480-2020.

On September 21, 2020, Appellant proceeded to a sentencing hearing for both Nos. 716-2019 and 480-2020. At No. 480-2020, the trial court sentenced Appellant to 22 months' to 20 years' incarceration for the Burglary charge. Sentencing Order, 9/21/20. At No. 716-2019, the trial court sentenced Appellant to six months' to 24 months' incarceration for each Simple Assault charge, to run concurrent to each other and consecutive to the sentence at No. 480-2020. *Id*. Appellant received a total aggregate sentence of 28 months' to 22 years' incarceration. *Id*.

Appellant filed a timely post-sentence motion in both cases on October 1, 2020. Appellant asked the court to "reconsider the state sentence due to his age, his prior record and the plea he entered into," requested "a county sentence," and requested "the court reconsider the length of the parole due to his age, his prior record score, and plea he entered into." Post-Sentence Motion, 10/1/20. The trial court denied Appellant's post-sentence motion on

October 13, 2020. Order, 10/13/20. Appellant filed a timely notice of appeal on October 30, 2020.[2]

Before we address the merits of Appellant's appeal, we must first determine if Appellant has complied with Pa.R.A.P. 341(a) which requires the filing of separate notices of appeal when a single order resolves issues arising on more than one trial court docket. *See **Commonwealth v. Walker***, 185 A.3d 969 (Pa. 2018) (the Supreme Court of Pennsylvania has confirmed, prospective to its decision filed June 1, 2018, a notice of appeal that fails to comply with Rule 341 and its Note shall result in quashal of the appeal). This Court issued a rule to show cause on November 23, 2020, directing Appellant to show cause why the appeal should not be quashed in light of **Walker** because Appellant filed one notice of appeal listing two docket numbers. Appellant did not file an answer with this Court. This Court issued an order discharging the rule to show cause and advising the parties that this issue may be revisited by this panel. Order, 12/11/20.

Appellant filed one notice of appeal from the judgments of sentence at No. 480-2020 and No. 716-2019. The notice of appeal contains the two docket numbers No. 480-2020 and No. 716-2019. The certified record for this matter includes only one notice of appeal listing both docket numbers.

Prior to Appellant's sentencing in both cases, the trial court presented a video containing the following appellate rights, which was transcribed as follows:

---

[2] The trial court ordered Appellant to file a statement pursuant to Pa.R.A.P. 1925(b) on November 4, 2020. Appellant complied and filed a timely Rule 1925(b) statement.

> If your post sentence motion is denied you have the right to **appeal the Sentence Order** to the Pennsylvania Superior Court. . . . **[T]he appeal** to the Pennsylvania Superior Court must be filed within 30 days either from the date of the sentence or 30 days from the date the Court acts finally on your post-sentence motion, whichever is later. . . If you intend to appeal **the Sentence Order** to the Superior Court, it is possible to remain on bail pending appeal[.]

N.T. Sentencing, 9/21/20 at 3-6 (emphasis added).

Appellant was specifically told that he had the right to appeal "the Sentencing Order." N.T. Sentencing, 9/21/20, at 3-6. The trial court filed one Sentencing Order containing both docket numbers. Order 9/21/20. The trial court also filed one order denying Appellant's post-sentence motion, containing both docket numbers. Order, 10/13/20. Based on the above colloquy we find that there was a breakdown in the court operations regarding Appellant's appellate rights, leading to Appellant filing one notice of appeal containing both docket numbers. Therefore, this appeal will not be quashed. ***See Commonwealth v. Stansbury***, 219 A.3d 157 (Pa. Super. 2019) (where the PCRA court entered a single order covering two docket numbers and advised appellant that he could pursue appellate review by filing a single notice of appeal, a breakdown in court operation occurred and this Court did not quash appeal).

Appellant presents the following issues for our review:

> Did the Trial Court error [sic] as a matter of law or abuse its discretion in sentencing the defendant to an excessive sentence specifically that the appellant was sentenced to the top of the standard ranges.

>Did the Trial Court error [sic] as a matter of law or abuse its discretion in sentencing the defendant to an excessive sentence specifically that the appellant was sentenced to the maximum of the statutory ranges.

Appellant's Brief at 5.

Both of Appellant's issues on appeal relate to the discretionary aspects of his sentence.[3] A defendant does not have an automatic right to appeal the discretionary aspects of a sentence and instead must petition this Court for allowance of appeal, which "may be granted at the discretion of the appellate court where it appears that there is a substantial question that the sentence imposed is not appropriate under" the Sentencing Code. 42 Pa.C.S. § 9781(b); *see also Commonwealth v. Luketic*, 162 A.3d 1149, 1160 (Pa. Super. 2017) (citation omitted).

Prior to reaching the merits of a discretionary sentencing issue, we must engage in a four-part analysis to determine:

>(1) whether the appeal is timely; (2) whether Appellant preserved his [or her] issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence [pursuant to Pa.R.A.P. 2119(f)]; and (4) whether the concise statement raises a substantial question

---

[3] "[W]hile a guilty plea which includes sentence negotiation ordinarily precludes a defendant from contesting the validity of . . . his . . . sentence other than to argue that the sentence is illegal or that the sentencing court did not have jurisdiction, open plea agreements are an exception in which a defendant will not be precluded from appealing the discretionary aspects of the sentence." *Commonwealth v. Tirado*, 870 A.2d 362, 365 n. 5 (Pa. Super. 2005) (citation omitted). "An 'open' plea agreement is one in which there is no negotiated sentence." *Id*. At 363 n. 1. Here, Appellant's plea was "open" as to sentencing, so he can challenge the discretionary aspects of his sentence.

that the sentence is [not] appropriate under the [S]entencing [C]ode.

***Commonwealth v. Williams***, 198 A.3d 1181, 1186 (citations omitted) (first and fourth brackets in original).

Appellant satisfied the first three requirements; he filed a timely notice of appeal, preserved the issue that his sentence is excessive in a timely post-sentence motion, and included a Pa.R.A.P. 2119(f) statement in his brief. Appellant's Brief at 11. Next, we turn to whether Appellant's Rule 2119(f) statement raised a substantial question that the sentence is not appropriate under the Sentencing Code.

> Whether a particular issue constitutes a substantial question about the appropriateness of sentence is a question to be evaluated on a case-by-case basis. . . . We have found that a substantial question exists "when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process."

***Commonwealth v. Radecki,*** 180 A.3d 441, 467-68 (Pa. Super. 2018) (citations omitted). Appellant asserts in his Pa.R.A.P. 2119(f) statement,

> Did the Trial Court error [sic] as a matter of law or abuse its discretion in sentencing the defendant to an excessive sentence specifically that the appellant was sentenced to the top of the standard ranges.

> Did the Trial Court error [sic] as a matter of law or abuse its discretion in sentencing the defendant to an excessive sentence specifically that the appellant was sentenced to the maximum of the statutory ranges.

Appellant's Brief at 11. Appellant's Rule 2119(f) statement raises the issue that his sentences are excessive because his sentences are at the top of the standard ranges and the maximum of the statutory ranges, but he does not specify how the sentence is inconsistent with the Sentencing Code or why Appellant believes it is contrary to the fundamental norms of the sentencing process. *See Radecki,* 180 A.3d at 467-68. However, the Commonwealth did not object to the adequacy of the Rule 2119(f) statement; in fact, the Commonwealth did not file a brief. Failure to comply with Rule 2119(f) does not bar consideration of an otherwise properly preserved challenge to the discretionary aspects of sentence where it is obvious from the appellant's brief that a substantial question is raised and the Commonwealth does not object to the absence of a Rule 2119(f) statement. *Commonwealth v. Antidormi*, 84 A.3d 736, 759 (Pa. Super. 2014); *Commonwealth v. Kneller*, 999 A.2d 608, 614 (Pa. Super. 2010) (*en banc*).

In his brief, Appellant argues that his sentence at No. 480-2020 is excessive because the trial court sentenced him to a minimum of 22 months' incarceration which is in the aggravated range of the sentencing guidelines, the trial court gave insufficient reasons for giving him an aggravated sentence other than that the appellant was on bail and the cases involved the same victim, and the Commonwealth only recommended a standard range minimum sentence of 16 months. Appellant's Brief at 9. Appellant also argues that his sentence is excessive because the trial court sentenced him to the statutory maximum at No. 480-2020, the combination of the two cases creates a

maximum sentence that is excessive, he is young, and he previously successfully completed a 5-year probationary sentence. Appellant's Brief at 10-11.[4]

We find that Appellant raises a substantial question in arguing that the individual sentence at No. 480-2020 is excessive because the trial court sentenced him to an aggravated minimum sentence without giving adequate reasons and the statutory maximum sentence without consideration of his individual circumstances. *See Commonwealth v. Thomas*, 537 A.2d 9, 12 (1988) (appellant's claim that the court failed to place sufficient reasons for his judgment of sentence on the record presents a substantial question); *Commonwealth v. Ahmad*, 961 A.2d 884, 887 (Pa. Super. 2008) (appellant presented a substantial question by setting forth an argument that the trial court failed to consider his individual circumstances); *Commonwealth v. Makin*, No. 1609 WDA 2018, 2019 WL 3037576, at *2 (Pa. Super. Ct. July 11, 2019) (memorandum) (appellant presented a substantial question because the trial court did not consider her rehabilitative needs.).

Accordingly, we address the merits of Appellant's issues regarding the individual sentence at No. 480-2020.

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an

---

[4] We note that Appellant does not challenge the individual sentences at No. 716-2019. In fact, he notes in his brief, that the issues on appeal "revolve around the sentence at CR. No. 480-2020." Appellant's Brief at 6.

error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Lekka*, 210 A.3d 343, 350 (Pa. Super. 2019) (citation omitted).

> [A]n appellate court [is permitted] to vacate a sentence . . . where "the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable."

*Commonwealth v. Dodge*, 77 A.3d 1263, 1269–70 (Pa. Super. 2013) (*quoting* 42 Pa.C.S. § 9781(c)(2)). In reviewing the record, we consider:

> (1) The nature and circumstances of the offense and the history and characteristics of the defendant.
>
> (2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.
>
> (3) The findings upon which the sentence was based.
>
> (4) The guidelines promulgated by the commission.

42 Pa.C.S. § 9781(d); *Dodge*, 77 A.3d at 1274. Importantly,

> sentencing lies "within the sole discretion of the trial court, and the sentence imposed will not be reviewed by an appellate court, *unless* it exceeds the statutorily prescribed limits *or is so manifestly excessive as to constitute too severe a punishment.*"

*Commonwealth v. Mouzon*, 812 A.2d 617, 624 (Pa. 2002) (emphasis in original) (*quoting Commonwealth v. Wrona*, 275 A.2d 78, 81 (Pa. 1971)).

The sentencing guidelines for No. 480-2020 were discussed at Appellant's sentencing hearing. Appellant had a prior record score of 1 for a prior indecent assault, person under the age of 13, a first-degree misdemeanor. N.T. Sentencing, 9/21/20, at 14. The Burglary charge carried an offense gravity score of 7. *Id*. The standard range under the sentencing guidelines for the Burglary charge was nine to 16 months, up to 22 months in aggravated range, mitigated down to three months. *Id*. Appellant was sentenced on the Burglary charge to a minimum of 22 months' incarceration. The trial court sentence Appellant to a maximum of 20 years' (240 months') incarceration. *See* 18 Pa.C.S. § 1103 (1) ("a person who has been convicted of a felony may be sentenced to imprisonment as follows . . . [i]n the case of a felony of the first degree, for a term which shall be fixed by the court at not more than 20 years.). At sentencing, the trial court stated,

> The sentence imposed at C.R. 480-2020 is in the aggravated range as the Defendant was on bail for his case at C.R. 716-2019 in which the victim of that case is the exact same victim in the case at C.R. 480-2020. And additionally the Defendant had a Protection From Abuse order against him at the time of the commission of that offense for the same victim.
>
> Any lesser sentence would depreciate the seriousness of the offense.

N.T. Sentencing, 9/21/20, at 31-32. The trial court stated, during sentencing,

> What is extremely disturbing on your case is the fact that the victim of your earlier case the simple assault is the same victim of your burglary and becomes the same victim of the protection from Abuse, and then even though you're pending sentencing on simple assault you commit the same

- 10 -

> offenses against the same new victim, you also violate a PFA against the same victim, you continue to violate the PFA while you're in jail. The communications that reference anything to her is a continued violation of the Protection From Abuse Order in the letters.

N.T. Sentencing, 9/21/20, at 25. The trial court stated that a pre-sentence investigation report (PSI) had been prepared in the matter at hand. *Id*. at 13.

> Where the sentencing judge had the benefit of a presentence report, it will be presumed that he was aware of relevant information regarding appellant's character and weighed those considerations along with the mitigating statutory factors.

*Commonwealth v. Conte*, 198 A.3d 1169, 1177 (Pa. Super. 2018) (citation omitted).

After a thorough review of the record, including the briefs of the parties, the applicable law, and the sentencing transcripts, we conclude Appellant's issues do not merit relief. Appellant's minimum sentence was within the sentencing guidelines, albeit in the aggravated range. The trial court stated that the sentence was based on the gravity of the offenses, which it found particularly egregious as they involved the same victim, Appellant was on bail for one case at the time he committed another and had in his possession the PFA which he had been served with that same day. We find this adequate to satisfy 42 Pa.C.S. 9721(b).[5] We do not find that the minimum sentence,

_____

[5] In every case in which the court imposes a sentence for a felony or misdemeanor . . . the court shall make as a part of the record, and disclose in
*(Footnote Continued Next Page)*

- 11 -

within the sentencing guidelines, "involves circumstances where the application of the guidelines would be clearly unreasonable." ***Dodge***, 77 A.3d at 1269–70 (*quoting* 42 Pa.C.S. § 9781(c)(2)).

Regarding Appellant's maximum sentence of 20 years, we find the trial court had the benefit of the PSI, and therefore, we conclude that it considered adequately Appellant's individual and rehabilitative needs, including Appellant's age and the fact that he had previously successfully completed a probationary term. This Court has made clear that when a presentence investigation report (PSI) exists, there is a presumption that "the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." ***Commonwealth v. Watson***, 228 A.3d 928, 936 (Pa. Super. 2020) (quotation marks omitted) (*quoting **Commonwealth v. Devers***, 546 A.2d 12, 18 (Pa. 1988)). Additionally, we do not find that Appellant's sentence, within the statutory limits, is so excessive as to constitute too severe a punishment. ***Mouzon***, 812 A.2d at 624–25.

We find Appellant does not raise a substantial question in arguing that his aggregate sentence of 28 months' to 264 months' incarceration is excessive due to the consecutive nature of his charges.

---

open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed. 42 Pa.C.S. § 9721(b).

the preliminary substantial question inquiry . . . is "whether the decision to sentence consecutively raises the aggregate sentence to, what appears upon its face to be, an excessive level in light of the criminal conduct at issue in the case."

***Commonwealth v. Mastromarino***, 2 A.3d 581, 588 (Pa. Super. 2010) (*quoting **Commonwealth v. Gonzalez–Dejusus**,* 994 A.2d 595, 598-99 (Pa. Super. 2010)).

The imposition of consecutive, rather than concurrent, sentences may raise a substantial question in only the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment.

***Commonwealth v. Moury***, 992 A.2d 162, 171–72 (Pa. Super. 2010) (*citing **Commonwealth v. Pass***, 914 A.2d 442, 446–47 (Pa. Super. 2006)).

Appellant was sentenced for two separate incidents involving the same victim. One of the incidents involved two violent acts toward the victim, first when Appellant struck the victim and the second when Appellant threatened the victim with a weapon, specifically a knife. The second separate incident involved the same victim when Appellant broke into her home and set a fire in her backyard with the intention of burning the children's toys. The victim also had a PFA order against the Appellant at the time he committed the Burglary. Additionally, Appellant was on bail pending sentencing in the first incident when he committed the Burglary.

In light of the above, we find the aggregate sentence of 28 months' to 22 years' incarceration is neither grossly disparate to appellant's conduct nor does it "viscerally appear as patently 'unreasonable'" and Appellant is not

entitled to a "volume discount" for multiple crimes committed. ***Gonzalez-Dejusus***, 994 A.2d at 599; *See also **Mastromarino***, 2 A.3d 589. Accordingly, Appellant does not raise a substantial question that his consecutive sentences at No. 480-2020 and No. 716-2019 is excessive based on the above criminal conduct involved. *See **Radecki***, 180 A.3d at 470; ***Gonzalez-Dejusus***, 994 A.2d at 599 (appellant did not raise a substantial question where he received aggregate sentence of 20-40 years' incarceration for his participation in armed robbery of two individuals, a kidnapping of a father and infant daughter as well as car theft); ***Mastromarino***, 2 A.3d at 588–89 (appellant did not raise a substantial question where he received 25 years to 58 years in prison for involvement in criminal enterprise involving sale of human tissue); ***Moury***, 992 A.2d at 175 (appellant did not raise substantial question given the nature of the crimes when convicted of two counts of discharge of a firearm into an occupied structure and received a sentence of two to four years on one count and a consecutive one to two years on the second count); *Cf*. ***Dodge***, 77 A.3d 1263 (appellant raised substantial question because consecutive sentences within the standard range of sentencing guidelines amounted to virtual life sentence for nonviolent property crimes).

Even if we found Appellant had raised a substantial question, we would find the issue without merit. The trial court did not abuse its discretion in sentencing Appellant to the aggravated range and statutory maximum at No. 480-2020, as discussed above. At No. 716-2019, Appellant was sentenced to

a standard range sentence, six to 24 months' incarceration, for each simple assault charge, to run concurrent to each other.[6] The trial court determined that Appellant's sentence at No. 480-2020 and No. 716-2019 were to run consecutive to each other, which raised Appellant's aggregate minimum sentence by 6 months and the aggregate maximum sentence by two years. We would find that this does not constitute an abuse of discretion. Based on the foregoing, we will not disturb the trial court's discretion, and Appellant is not entitled to relief. **See Lekka**, 210 A.3d at 353; **Conte**, 198 A.3d at 1177.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  8/27/2021

---

[6] At No. 716 of 2019, Count 2, simple assault, Misdemeanor 2, and Court 3, simple assault Misdemeanor 2, offense gravity scores are threes, prior record score with a one, both of them are standard range restorative sanction to six months up to nine in aggravated range, mitigated range not indicated. **Id**.